(No. 53244.—

CAMPBELL "66" EXPRESS, INC., *et al.,* Appellants, v. THE INDUSTRIAL COMMISSION *et al.* (Alfred Vaitkevich, Appellee).

*Opinion filed November 18, 1980.—Rehearing denied January 29, 1981.*

Musschoot, Womack & Galich, of Chicago (Arthur R. Musschoot and Peter Fedij, of counsel), for appellants.

Discipio, Martay & Caruso, of Chicago (Francis M. Discipio, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In this case, brought under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*), the arbitrator entered an award in favor of the claimant, Alfred Vaitkevich, which was affirmed by the Industrial Commission and confirmed by the circuit court of Cook County. The respondent employer, Campbell "66" Express, Inc., appealed to this court. (73 Ill. 2d R. 302(a).) The sole issue involved is whether the claimant's injuries arose out of his employment.

On November 29, 1975, the claimant was employed by the respondent as a truck driver and on that day was driving a tractor, pulling a loaded trailer from Springfield, Missouri, to Chicago. The trailer weighed between six and seven tons, and the load weighed in excess of 12,000 pounds. This is in addition to the weight of the tractor, in which the claimant was riding. At about 11:30 p.m., at a point north of Springfield, Illinois, near the village of Elkhart, while driving northeast on Route I-55, the claimant encountered a sudden, heavy windstorm. He had been following two other trucks owned by the same company, and after he encountered the storm, the other two drivers

signaled him to pull over to the shoulder of the road. As his vehicle came to rest on the shoulder, a tornado struck, and the claimant's vehicle was lifted into the air and carried about 100 feet, striking a railroad-track embankment and coming to rest upright in the mud adjacent to the tracks. The claimant was wearing a seat belt, and he was injured by being thrown about violently in the tractor while being restrained by his seat belt as the truck was hurled through the air by the tornado.

It is the employer's position that the claimant's injuries were caused by an act of God and that the claimant was not exposed to any special or greater risk by his employment than were other members of the general public in the vicinity. The employer further contends that, since the facts are undisputed, the question is one of law and we need not therefore give the usual deference to the holding of the Industrial Commission.

Although some States may apply other tests, generally, an injury due to an act of God arises out of the employment if the employment increases the risk of this kind of harm beyond that to which the general public is subjected. (1 A. Larson, Workmen's Compensation sec. 8.10, at 3–14 (1978).) As noted in sections 8.12 and 8.22 of that treatise, some States have adopted the positional-risk theory. (1 A. Larson, Workmen's Compensation secs. 8.12, 8.22 (1978).) That is, if one's employment places him at a particular place at a particular time when lightning or a tornado strikes, and he is thereby injured, the injury arises out of his employment. This State has not adopted the positional-risk theory, but adheres to the general requirement that one's employment must subject him to an increased risk beyond that to which the general public is subjected.

The employer relies on *Decatur-Macon County Fair Association v. Industrial Com.* (1977), 69 Ill. 2d 262. In that case the employee was required to live on the fair-

grounds. He and his wife purchased a house trailer, located it on the fairgrounds, and moved into it as their home. One afternoon, while they were sitting in their living room talking, a tornado struck, destroying the trailer home and other buildings nearby and killing the employee. This court specifically rejected the "positional risk" rationale and held that the facts of that case did not permit a conclusion that the conditions or duties of claimant's employment increased the risk of this type of injury beyond that to which the general public was exposed. Since there was no proof of such an increased risk, this court held that the award of compensation was against the manifest weight of the evidence.

By contrast, where there has been evidence that the conditions or nature of employment increased the risk of injury beyond that to which the general public was exposed, this court has held that a finding that the injury arose out of the employment was not against the manifest weight of the evidence. (*Eisner Food Stores v. Industrial Com.* (1965), 33 Ill. 2d 474; *Central Illinois Public Service Co. v. Industrial Com.* (1920), 291 Ill. 256.) In *Central Illinois Public Service Co. v. Industrial Com.* (1920), 291 Ill. 256, 265, this court stated:

> "While the risk arising from the action of the elements, such as a cyclone, is such a risk as all people of the same locality are subject to, independent of employment, yet the circumstances of a particular employment may make the danger of receiving a particular injury through such a storm an exceptional risk and one to which the public generally is not subjected."

This same rationale has been applied both in cases where recovery has been sustained, as in *Eisner Food Stores v. Industrial Com.* (1969), 33 Ill. 2d 474, and in cases where recovery has been denied as in *Abell Chevrolet Co. v. Industrial Com.* (1939), 370 Ill. 460, the crucial difference

being found in the peculiar facts of each case.

The facts in evidence and the legitimate inferences that can be drawn therefrom are such that the Industrial Commission in our case could reasonably conclude that the claimant was subjected to risks of injury from this tornado beyond that to which the general public was exposed. The claimant was a truck driver on a through run from Springfield, Missouri, to Chicago. Since he was driving late at night, the Commission could reasonably infer that he had some kind of a time schedule, however flexible, so that he did not have the same freedom of choice of whether or not to travel in inclement weather that an ordinary person would have had. The Commission could have inferred from the nature of his occupation that the claimant was subjected to dangers of traveling to a greater degree than is the general public, whether these dangers stem from collision with other vehicles or dangers associated with driving in inclement weather. Assuming no deviation from his employment, if a truck driver is injured in a collision with another vehicle, or is involved in an accident caused by ice or snow on the highway, or by poor visibility, no one would question that the injury arose out of his employment. The Industrial Commission in our case could well have viewed this accident similarly and could have concluded that the necessity for a truck driver to be on the highway at all times of the day and night, and in all kinds of weather, subjected the claimant in our case to a greater risk of injury from this tornado than that to which the general public in that vicinity was exposed. We thereby cannot hold that the decision of the Industrial Commission was against the manifest weight of the evidence. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*