(No. 69675.—

# THOMAS R. BRADY, Appellant, v. LOUIS RUFFOLO & SONS CONSTRUCTION COMPANY, Appellee.

*Opinion filed May 20, 1991.—Rehearing denied September 30, 1991.*

544

CLARK, CALVO and BILANDIC, JJ., took no part.

Richard D. Hannigan, of Mundelein, for appellant.

Sweeney & Riman, Ltd., of Chicago (Gerald O. Sweeney, of counsel), for appellee.

Michael J. Brennan, Assistant Attorney General, of Chicago, for *amicus curiae* Attorney General Neil F. Hartigan.

Kaplan, Sorosky & Anderson, Ltd., (James L. Kaplan, Kathleen Boyle Anderson and Daniel R. Egan, of counsel), and George M. Elsener, all of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

Katz, Friedman, Schur & Eagle, of Chicago, for *amicus curiae* Bill Stewart, Regional Director of UAW.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The claimant, Thomas R. Brady, was severely injured when a truck crashed into the building where he was employed by the respondent, Louis Ruffolo & Sons Construction Company. Brady later filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.1 through 138.30) seeking compensation for his injuries. Following a hearing, an arbitrator denied the claim, concluding that Brady's injuries did not "arise out of" his employment. The Industrial Commission affirmed the arbitrator's decision. The circuit court of Will County confirmed the Commission's decision denying compensation. A divided appellate court, Industrial Commission division, also upheld the Commission's decision. (192 Ill. App. 3d 1.) The appellate court certified the cause for further review, and we subsequently allowed claimant's petition for leave to appeal (134 Ill. 2d R. 315(a)). We now affirm the judgment of the appellate court.

The material facts of this case are not in dispute. Claimant was seriously injured on November 18, 1986, when a truck carrying a load of gravel left an adjacent highway and crashed through the building where claim-

ant was working. At the time of the accident, claimant was 34 years old and was employed in Bolingbrook as an estimating engineer by respondent. He did most of his work at a drafting table that was attached to a wall in his office. On the day of the injury, the force of the truck crashing through the building caused the drafting table to puncture claimant's abdomen. Claimant suffered severe injuries as a result of the accident and will require the permanent use of a life-support system.

The truck had been traveling northbound on Illinois Route 53 in Bolingbrook when it was hit by a southbound automobile that had jumped the median. It was snowing that day, and the road surface was icy. The two vehicles collided about 350 feet from respondent's building. The impact of the collision caused the truck's steering wheel to lock in position. Unable to follow a gradual curve in the highway, the truck left the pavement, traveled some distance, and then struck the building where claimant was working. Neither one of the drivers was associated in any way with the present litigants.

Respondent's building served primarily as a garage for construction equipment; claimant's office was located in the northeast corner of the premises. The exterior walls of the building were made of corrugated metal about 1/8 inch thick, and the interior walls of claimant's office consisted of plywood affixed to wooden studs. The structure was located on the west side of Route 53 and stood 47 feet from the edge of the highway. When the building was constructed in 1971, Route 53 was a two-lane road used mainly by local traffic. In the mid-1980s, Route 53 was widened to four lanes, and the volume of traffic increased correspondingly. The highway is frequently used by trucks hauling stone from nearby quarries.

After an evidentiary hearing, the arbitrator determined that claimant's injuries were not compensable un-

der the Workers' Compensation Act. According to the arbitrator, the evidence did not demonstrate that the employment environment exposed claimant to an "increased risk beyond that to which the general public is subjected." The arbitrator therefore concluded that claimant's injuries did not arise out of his employment. Upon review, the Industrial Commission, with one member dissenting, adopted the arbitrator's findings and affirmed the decision denying compensation.

On judicial review, the circuit court of Will County confirmed the Commission's decision, finding that the decision was not contrary to law or against the manifest weight of the evidence. The decision to deny Brady's claim was subsequently upheld by the appellate court, Industrial Commission division, with two justices dissenting. (192 Ill. App. 3d 1.) The appellate court found that the Commission's decision was not against the manifest weight of the evidence and accordingly refused to disturb the Commission's findings. In support of its holding, the appellate court cited *Lathrop v. Tobin-Hamilton Shoe Manufacturing Co.* (Mo. App. 1966), 402 S.W.2d 16. In that case, an employee was injured when a car struck the building in which she was working. The Missouri court upheld a decision denying an award of workers' compensation on the ground that the accident did not arise out of the claimant's employment.

The appellate court certified the instant cause for further review, and this court allowed the claimant's petition for leave to appeal (134 Ill. 2d R. 315(a)). *Amici curiae*, the Illinois Trial Lawyers Association, the United Auto Workers, and the Attorney General, have been granted leave to file briefs on behalf of the claimant. See 134 Ill. 2d R. 345.

To be compensable under the Workers' Compensation Act, an employee's injury must arise out of and in the course of his employment. (See Ill. Rev. Stat. 1987, ch.

48, par. 138.1.) "Arising out of" refers to the causal connection between the employment and the injury. The causal connection is demonstrated if the claimant establishes that the injury's origin lies in some risk related to the employment. (*Paganelis v. Industrial Comm'n* (1989), 132 Ill. 2d 468, 480; *Scheffler Greenhouses, Inc. v. Industrial Comm'n* (1977), 66 Ill. 2d 361, 366.) In addition, an injury may be said to arise out of the employment if the conditions or nature of the employment increases the employee's risk of harm beyond that to which the general public is exposed. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 58; *Campbell "66" Express, Inc. v. Industrial Comm'n* (1980), 83 Ill. 2d 353.) "In the course of employment" refers to the time, place, and circumstances under which the injury is received. (*Scheffler Greenhouses*, 66 Ill. 2d at 366-67.) A claimant has the burden of establishing the necessary causal relationship between the employment and the injury. (*Caterpillar Tractor*, 129 Ill. 2d at 63; *Rosenbaum v. Industrial Comm'n* (1982), 93 Ill. 2d 381, 386.) Each claim for compensation must be determined on its own facts. (*Campbell "66" Express*, 83 Ill. 2d at 357.) In the case at bar, the parties agree that claimant sustained injuries in the course of his employment. The sole issue presented for our review is whether the injuries also "arose out of" the employment.

Compensation may be awarded under the Act even though the conditions of employment do not constitute the sole or indeed principal cause of injury. (See *City of Chicago v. Industrial Comm'n* (1970), 45 Ill. 2d 350, 352.) Claimant argues that the present accident was sufficiently related to his employment environment to be compensable under the Act. Claimant contends that distinctive characteristics of his workplace exposed him to a greater risk of harm than that to which members of the general public were subjected. In that regard, claimant believes that the

present case may be resolved in his favor as a matter of law because the record will sustain only a single inference, that the necessary causal relationship existed between the accident and his employment. Failing that, claimant contends that the Commission's decision denying him compensation is contrary to the manifest weight of the evidence. For the reasons that follow, we conclude that the issue involves a question of fact rather than one of law, and, moreover, that the Commission's decision is adequately grounded in the record.

Although the material facts in the present case are not in dispute, conflicting inferences may be drawn from them. In that event, a court of review will give deference to the Commission's decision. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 60; *Union Starch, Division of Miles Laboratories, Inc. v. Industrial Comm'n* (1974), 56 Ill. 2d 272, 274.) "[I]t is axiomatic that this court will not disregard or reject permissible inferences drawn by the Commission merely because other inferences might be drawn, nor will we substitute our judgment for that of the Commission unless its findings are against the manifest weight of the evidence. [Citations.]" (*Castaneda v. Industrial Comm'n* (1983), 97 Ill. 2d 338, 341.) In the present case, the Commission found as a factual matter that claimant's injury was not causally related to his employment and that the distinctive characteristics of the working environment did not increase his risk of harm. The Commission therefore denied the claim.

Claimant contends that the conditions of his employment environment increased the risk that he would be injured by a vehicle leaving the adjacent highway. In this regard, claimant notes that he was required to work eight hours a day, five days a week, in a thin-walled sheet metal structure that was situated less than 50 feet from a heavily travelled highway. Claimant submits that those characteristics of his work site increased his risk of injury from

a passing vehicle. Claimant correctly observes that an injury may be compensable under the Act even though the precipitating cause of the accident originated in some unusual external force. See, *e.g.,* *Campbell "66" Express, Inc. v. Industrial Comm'n* (1980), 83 Ill. 2d 353.

The mere fact that claimant was present at the place of injury because of his employment duties will not by itself suffice to establish that the injury arose out of the employment. (*State House Inn v. Industrial Comm'n* (1965), 32 Ill. 2d 160, 163; *Illinois Country Club, Inc. v. Industrial Comm'n* (1944), 387 Ill. 484, 488.) Rather, a claimant must demonstrate that his risk of the injury sustained is peculiar to his employment, or that it is increased as a consequence of the work. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 45; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 277-78.) If an industrial accident is caused by a risk unrelated to the nature of the employment, or is not fairly traceable to the workplace environment, but results instead from a hazard to which the claimant would have been equally exposed apart from his work, the injury cannot be said to arise out of the employment. (*Material Service Corp. v. Industrial Comm'n* (1973), 53 Ill. 2d 429, 433.) In the present case, the Commission resolved these questions of fact adversely to claimant, determining that the hazard was not incidental to claimant's employment and that his work environment did not increase the risk of such injury. As we have noted, deference will normally be accorded to the Commission's factual findings.

In the case at bar, the record establishes that the event triggering claimant's injury—the collision between the truck and the car—occurred about 350 feet from respondent's building on a snowy day when the roadway was icy and slippery. Claimant did not present any evidence that another type of structure could reasonably have protected him from the occurrence. On this record,

the Commission could properly infer that the structural integrity and location of the work site did not increase the risk that claimant would be subject to such an accident, to any greater degree than that to which other persons along the same route were exposed to the same hazard.

For these reasons, the cases relied on by claimant may be distinguished from the present appeal. In *Campbell "66" Express, Inc. v. Industrial Comm'n* (1980), 83 Ill. 2d 353, this court declined to disturb an award of compensation to a truck driver who was injured when his rig was struck by a tornado. The court believed that the Commission could properly infer from the evidence in that case that the travel requirements of claimant's employment increased his risk of injury from inclement weather. In *C.A. Dunham Co. v. Industrial Comm'n* (1959), 16 Ill. 2d 102, this court upheld a Commission decision that awarded compensation to a business traveller who was killed in the explosion and crash of a commercial airliner. The accident in that case was caused by criminal acts of a third party, who had hidden a bomb in the plane's cargo hold. The court believed that the risk of such harm became a risk of the employment because of the requirements of claimant's job.

In *Beecher Wholesale Greenhouse, Inc. v. Industrial Comm'n* (1988), 170 Ill. App. 3d 184, the appellate court upheld an award of compensation to an employee who was injured when lightning struck the telephone line he was using. In rejecting the employer's argument that the injury did not arise out of the employment, the court noted the uncontradicted testimony that the conditions of the workplace, including the characteristics of the particular telephone apparatus, increased the risk of such an occurrence. Finally, in *Holthaus v. Industrial Comm'n* (1984), 127 Ill. App. 3d 732, the appellate court reversed a decision by the Commission denying compensation to a

municipal employee who was attacked and injured by a third party while at her work site. The court found that the record in that case clearly demonstrated that the isolated location and solitary nature of the claimant's employment increased the risk of criminal attack.

In each of the cases cited, compensation was allowed on the theory that the risk of the claimant's injury was increased by the circumstances of the employment, or was attributable to a hazard incidental to the employment. In the present case, in contrast, the Commission determined that the risk of harm was not incidental to the employment and was not increased by the characteristics of the work site. We cannot say that the Commission's decision is contrary to the manifest weight of the evidence. Indeed, in the circumstances shown here, we believe that we would be warranted in setting aside the Commission's decision only if we were to depart from existing authority and adopt what has been termed the "positional risk doctrine," as one of the *amici* urges.

Under the positional risk doctrine, an injury may be said to arise out of the employment if the injury "would not have occurred but for the fact that the conditions or obligations of the employment placed claimant in the position where he was injured by a neutral force, meaning by 'neutral' neither personal to the claimant nor distinctly associated with the employment." (Larson, *The Positional-Risk Doctrine in Workmen's Compensation*, 1973 Duke L.J. 761, 761.) This court has previously declined to adopt the positional risk doctrine, believing that the doctrine would not be consistent with the requirements expressed by the legislature in the Act. (See *Campbell "66" Express, Inc. v. Industrial Comm'n* (1980), 83 Ill. 2d 353, 355-56; *Decatur-Macon County Fair Association v. Industrial Comm'n* (1977), 69 Ill. 2d 262, 268.) For the reasons stated in *Campbell "66" Express* and *Decatur-Ma-*

*con County Fair Association,* we continue to adhere to that view.

As a final matter, we briefly consider one additional argument raised in an *amicus* brief on behalf of claimant. The Illinois Trial Lawyers Association urges this court to apply an employer-benefit analysis in determining whether an injury arises out of the employment. The suggested analysis would focus not on whether the activities resulting in the injury involved any risks required by or peculiar to the employment, but rather on the question whether the activities resulting in injury benefited the employer. (See Kinzie & Nyhan, *Workers' Compensation: A System in Need,* 30 DePaul L. Rev. 347 (1981).) The *amicus* cites *Jewel Tea Co. v. Industrial Comm'n* (1955), 6 Ill. 2d 304, in support of this proposition. In *Jewel Tea* an employee was compensated for an injury sustained while playing softball in an intracompany league competition. The court in that case considered whether the employer could benefit from the good will and *esprit de corps* produced by the recreation such that the activity became an incident of employment. (*Jewel Tea,* 6 Ill. 2d at 314.) We do not construe that case as departing from the established rule, reaffirmed in subsequent decisions, that a causal relationship must be shown between the employee's injury and employment. (See, *e.g., Caterpillar,* 129 Ill. 2d at 63.) In our view, the approach suggested by *amicus* would alter the statutory requirements for compensation under the Act—that the injury arise out of and in the course of claimant's employment.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICES CLARK, CALVO and BILANDIC took no part in the consideration or decision of this case.