ALBRECHT-HAMLIN CHEVROLET, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ronald Criteser, Appellee).

Fifth District (Industrial Commission Division)   No. 5—93—0465WC

Opinion filed June 8, 1994.

Donald L. Smith, of Alton, for appellant.

James R. Carey, of Pratt, Bradford & Tobin, P.C., of East Alton, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Ronald Criteser filed an application for adjustment of claim on March 16, 1990, alleging he injured his back on April 21, 1989, while working on a vehicle at the employer's place of business. Following a hearing, the arbitrator concluded that claimant failed to establish an accident occurred which arose out of and in the course of employment and denied compensation. On July 31, 1990, the Industrial Commission (Commission) issued a notice of predecision memorandum on review indicating it would reverse the arbitrator's decision and find that claimant sustained an accidental injury arising out of and in the course of employment unless a written request was filed by any party for issuance of a decision setting forth in writing the reasons for the decision within 15 days. The record on appeal shows no such written request was filed with the Commission. On October 7, 1991, the Commission issued a decision which reversed the arbitrator's decision and found that all medical benefits and temporary total disability for $76\frac{2}{7}$ weeks had been paid. The cause was remanded to the arbitrator pursuant to *Thomas v. Industrial Comm'n* (1980), 78 Ill. 2d 327, 399 N.E.2d 1322. The employer appealed, and the circuit court of Madison County confirmed the decision of the Commission finding it was not against the manifest weight of the evidence. Thereafter, the employer timely filed its appeal to this court. We affirm.

The issues presented are whether the claimant proved he had a work-related accident and his condition of ill-being was causally related and whether the decision of the Commission was against the manifest weight of the evidence.

■ Initially, we address the form of the Commission's order. The Commission's decision did not set forth a date of injury and did not include in the order the reasons for not adopting all of the arbitrator's decision. (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(e).) The Commission not only ignored this statutory requirement but also ignored its own regulations. (See 50 Ill. Adm. Code § 7040.80 (1991).) The notice of predecision memorandum on review, issued July 31, 1990, stated that a failure to file a written request for a decision containing specific findings of fact and conclusions of law constituted a waiver of the requirement of such a decision pursuant to section 19(e) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(e)) and acceptance of a summary decision and order as the decision of the Commission. Although the format of the Commission's decision is subject to criticism as previously noted, the record on appeal reveals no written request for such a decision was filed. Moreover, the issue was not raised before the circuit court or addressed by the employer in its brief before this court. Accordingly, the employer has no basis to now complain of the form of the Commission's order.

At the arbitration hearing held on August 8, 1990, claimant testified that he was 46 years old and on April 21, 1989, he was working on a 1986 half-ton pickup truck which was on a rack on blocks. He was underneath the truck to replace the shocks when the block on the right side blew out, causing the truck to start to fall off the rack. The truck slipped off the blocks but did not fall off the rack. Claimant testified he was struck on his head by part of it. He indicated he worked the next day although he had severe pain in his lower back.

On April 25, 1989, claimant saw Dr. Abron A. Grandia, who subsequently hospitalized claimant for muscle spasms. Claimant was put in traction and given medication for the spasms. Claimant had a myelogram and CAT scan on July 5, 1989, and underwent surgery for a ruptured disk on July 9, 1989.

The admission records from the Alton Memorial Hospital for April 25, 1989, indicate that the date of claimant's injury was April 21, 1989, and it happened when he was bending over working on a car. The discharge summary of Dr. Grandia, dated April 29, 1989, states: "This 46-year-old gentlemen bent over to pick up something and had severe pain across his lower back and some went to his left leg."

In his deposition, Dr. Grandia stated he performed surgery on

claimant's back at the L4-L5 disk level during which he found a ruptured disk with a free fragment. Approximately five months later, Dr. Grandia performed more tests and found a second ruptured disk at the L5-S1 level. Dr. Grandia opined that the process of getting claimant back into shape after the first surgery, including exercises and walking, caused the development of the second ruptured disk.

Dr. Grandia explained that when claimant was working on the truck which slipped and fell onto his head, the disk material was injured and pushed out. It was not until claimant bent over on April 25 that the disk actually ruptured and became a free fragment. Dr. Grandia testified: "This gentlemen here, I feel, injured his back when ***, it occurred when he was working on the Chevette. He had a disk that was damaged."

The report of Dr. Ignacio Rodriguez, medical director of the Medical Claims Review Services, Inc., shows:

> "Mr. Criteser suffered an acute disk herniation involving L4-[L]5 on the left while he was dressing on 25 April 1989. The development of this acute disk herniation is, in our medical opinion, completely unrelated to the postural discomfort that Mr. Criteser described on 21 April 1989, following working in an uncomfortable position on a small car. The symptoms of acute disk herniation that occurred on 25 April 1989 are classical and unmistakable. There is no medical evidence to connect this event in any way with the mild postural difficulties allegedly suffered four days prior.

> It is furthermore our medical opinion that the second disk herniation at L5-S1 is also unrelated to the alleged work incident of 21 April 1989. *** It is likely that this second surgery is in fact related to the first surgery, which unfortunately does tend to weaken the supporting structures making a second disk herniation more likely. There is however, no medical evidence whatsoever to causally relate the L5-S1 disk herniation to the work-related injury of 21 April 1989."

The arbitrator denied compensation finding no causal connection. With respect to the date of injury, the arbitrator found: "Petitioner was not struck on the top of the head by a truck on 4/21/89. That incident happened earlier, probably on 4/7/89."

The Commission issued its final decision on October 7, 1991, simply finding that claimant sustained accidental injuries arising out of and in the course of his employment. The decision of the arbitrator was reversed, and the Commission noted that all submitted medical bills had been paid and that claimant had been paid 76²/₇ weeks of temporary total disability benefits. The cause was remanded to the arbitrator for further proceedings pursuant to *Thomas*. On appeal the circuit court confirmed.

The employer contends, essentially, that claimant failed to establish he suffered an accidental injury on April 21, 1989, when a truck slipped off the blocks and struck him on the head. It notes the inconsistencies between claimant's memory regarding the dates of the incidents and the notes of Dr. Grandia, as well as Dr. Rodriguez' conclusions regarding a lack of a connection between this alleged incident and claimant's injury. On the other hand, claimant alleges he only needs to prove that some act or phase of his employment was a causative factor resulting in the injury. Claimant suggests that there is sufficient evidence in the record to support a finding that the truck-falling incident occurred and caused his injury.

For an employee's injuries to be compensable under the Act, the injuries must arise out of and in the course of his or her employment, and both elements must be present at the time of the accident to justify compensation. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44-45, 509 N.E.2d 1005, 1008.) Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 58, 541 N.E.2d 665, 667.) The requirement that the injury occur "in the course of" employment is concerned with the time, place, and circumstances of the injury. (*Paganelis v. Industrial Comm'n* (1989), 132 Ill. 2d 468, 480, 548 N.E.2d 1033, 1038-39.) In a workers' compensation proceeding, claimant has the burden of showing by the preponderance of credible evidence that his injury arose out of or in the course of employment, which requires a showing of causal connection. (*Horath v. Industrial Comm'n* (1983), 96 Ill. 2d 349, 356, 449 N.E.2d 1345, 1348.) The causal connection is demonstrated if claimant establishes that the injury's origin lies in some risk related to the employment. *Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 548, 578 N.E.2d 921, 923.

A claimant's inconsistencies as to the date the accident occurred create credibility questions, but the task of judging that credibility is usually left to the Commission. (*Mason & Dixon Lines, Inc. v. Industrial Comm'n* (1983), 99 Ill. 2d 174, 180, 457 N.E.2d 1222, 1225.) It is the function of the Commission to determine facts and draw reasonable inferences and conclusions from competent evidence in the record, and the function of the reviewing court is limited to a determination of whether the findings of the Commission are against the manifest weight of the evidence. *Granite City Steel Co. v. Industrial Comm'n* (1983), 97 Ill. 2d 402, 406, 454 N.E.2d 1011, 1013.

■ The Commission's finding that claimant suffered accidental injuries arising out of and in the course of employment is not against the manifest weight of the evidence. The apparent discrepancy, as noted by the employer, revolves around whether claimant was working on a truck or on a Chevette on April 21, 1989. Claimant testified he was working on a truck that day when it fell upon him striking him in the head. He remembered an incident with a Chevette, but he indicated that occurred long before the truck incident. Dr. Grandia's notes indicate two incidents occurred in April 1989, the first occurring approximately two weeks prior to April 25, when the truck fell upon him and the second incident occurring on April 21, 1989, when claimant was working on the Chevette and again experienced low-back pain. It was Dr. Grandia's opinion that the truck falling on claimant caused the material in claimant's disk to push out and the bending over on April 25 completing the rupture of the disk and causing the free fragment was related to the work incident. The work orders submitted by respondent established that claimant worked on a truck on April 7, 1989, and on a Chevette on April 21, 1989. Claimant's co-workers, Michael Meyers, Darrell Slaughter, and Fred Treblecock, recalled an incident occurring sometime in April in which a truck fell upon claimant striking him in the head.

Although there is argument the bending over on April 25, 1989, caused claimant's problems, respondent argues the inconsistency is whether claimant worked on a truck or on a Chevette on April 21, 1989. A reasonable inference is that the truck fell on claimant on April 7, 1989, causing the disk material to be disturbed and claimant worked on a Chevette on April 21, 1989, which could have caused an aggravation or recurrence of the initial injury. The occurrences on either date allow recovery. The arbitrator found the date of injury to be April 7, 1989, and that finding is not against the manifest weight of the evidence. The disk ruptured on April 25, 1989, when claimant bent over while getting dressed for work. His treating physician stated the truck caused the initial injury, and we note the Commission was free to disregard the testimony of Dr. Rodriguez. Thus, we conclude the Commission's decision is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, SLATER, and RARICK, JJ., concur.