(No. 26204.—

ROBERTS & OAKE, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANCES MAZUREK, Defendant in Error.)

*Opinion filed January 22, 1942.*

PHILIP C. KLOHR, (HUBERT C. MERRICK, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, (JOHN D. CASEY, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

Frances Mazurek filed application for adjustment of compensation with the Industrial Commission, charging that her son, John Mazurek, sustained an injury resulting in his death, while in the employ of Roberts & Oake. The arbitrator found that the injuries arose out of and were sustained in the course of employment and entered an award in favor of deceased's mother. The Industrial Commission sustained the award of the arbitrator and the superior court, upon writ of *certiorari,* affirmed the decision of the Industrial Commission. The cause is before us on writ of error granted.

Mazurek was a butcher employed by Roberts & Oake, a meat-packing firm located in the Union Stock Yards in Chicago. This company had two buildings, one situated on

each side of Forty-fifth Place. It was stipulated that Forty-fifth Place where the accident happened was the property of the Union Stock Yards Company; that the street was controlled and maintained by the Union Stock Yards Company. The Roberts & Oake Company used this roadway as a means of ingress and egress to its plant. The two buildings of the employer were connected by an overhead conveyor about 60 feet above the ground.

The period from 12:00 to 12:30 o'clock noon was allowed by the employer as a lunch period for the employees. The employees were free to eat at any one of several places in the vicinity. The employer exercised no control over the employees during the lunch period. As the deceased came out of the building in which he was working at about 12:00 o'clock noon on November 14, 1938, he started to run for a truck which was proceeding east on Forty-fifth Place. He made a jump for the running board, lost his footing, was sideswiped by that truck and fell to the street. He was dead when the safety director of the employer reached the scene of the accident.

It was stipulated that the truck involved in this accident was a peddler's truck, neither owned by nor under the direction or control of the employer.

The only question to be determined is whether the accidental injury arose out of, and in the course of, the employment.

Plaintiff in error contends that after the employee had left the plant to go to lunch he was no longer in the course of his employment. One of Mazurek's fellow workers testified for the claimant that he and Mazurek worked in the same department; that their time allowance for lunch was from 12:00 to 12:30 P. M. He testified that he, Mazurek and many other employees usually ate their lunch at a restaurant located at Forty-seventh and Racine, about one-half mile from the employer's plant. He further testified that frequently he and other employees secured rides from truck

peddlers who were headed toward this restaurant. Richard Miller, a salesman, testifiying in behalf of claimant stated that he saw deceased running alongside of the truck and saw the truck sideswipe Mazurek. From all of the testimony, it is clear that the employer did not have any control or supervision over the employees during the lunch period.

Counsel for the deceased's representative argue that because the employee was on his way to lunch over a private roadway which constituted the only means of egress from the employer's premises, he was in the course of his employment. Although this property was owned by the Union Stock Yards Company it is obvious that all trucks or peddlers having any business in the stock yards had a right to use this roadway. It cannot, logically, be contended that the employer had exclusive control over this roadway so that it would be liable for all injuries which might be sustained thereon. If only the trucks of Roberts & Oake had use of this roadway and it was owned and supervised by the employer, the situation might be different. Where a lunch period is not subject to the employer's control or restricted in any way and the employee is free to go where he will at that time and that employee is injured on a public street, the injury does not arise out of the employment. (*Pearce* v. *Industrial Com.* 299 Ill. 161.) An injury, to be compensable under the Workmen's Compensation act must arise out of the employment, have its origin in the employment and be the result of a certain risk attendant upon the employment. (*Boorde* v. *Industrial Com.* 310 Ill. 62.) In order for a risk to be incidental to the employment it must have a relation to the work performed by the employee in fulfilling his contract of service. (*Weis Paper Mill Co.* v. *Industrial Com.* 293 Ill. 284.) An employee who endeavors to catch a ride on a truck operating in a street can hardly be said to be engaged in a risk which is an incident to and attendant upon his employment, unless his employment requires him to be there.

Plaintiff in error argues that the employee unnecessarily increased the risk of injury to himself beyond that contemplated in his contract of service. In *Landon* v. *Industrial Com.* 341 Ill. 51, we pointed out that an employee must not unnecessarily increase the risk of injury to himself or choose an unnecessarily dangerous place for the doing of an act which he claims to be incidental to his employment. Where the employee assumes to undertake a dangerous act which is altogether outside of his scope of employment, the risk undertaken is not incidental to the employment. *Terminal Railroad Ass'n* v. *Industrial Com.* 309 Ill. 203; *Nelson Railroad Construction Co.* v. *Industrial Com.* 286 id. 632.

Mazurek chose a dangerous method of obtaining transportation which was not in any way identified with his employment or incidental to it. He voluntarily selected an unnecessary risk with which his employer had no connection and the risk which he chose did not arise out of his employment.

The judgment of the superior court will be reversed and the award of the Industrial Commission set aside.

*Judgment reversed and award set aside.*