**Shirley Mast, Plaintiff-Appellant, v. Terri Rogers, Defendant-Appellee.**

**Gen. No. 69–78.**

Second District.

December 24, 1969.

Gordon F. DeHart, of Aurora, for appellant.

O'Brien, Burnell, Puckett and Barnett, of Aurora, for appellee.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This is an appeal from a summary judgment holding that the Workmen's Compensation Act was a bar to a common-law action brought by plaintiff, Shirley Mast, to recover for personal injuries allegedly resulting from the negligence of the defendant, Terri Rogers.

The plaintiff and defendant were both employees of the Portable Electric Tool Company, hereinafter referred to as P.E.T., in the City of Geneva, Illinois. On the tenth day of September, 1965, at approximately 4:30 p. m., the plaintiff and defendant had completed their workday and had gone to their respective cars in the P.E.T. parking lot to leave their employment for the day. Both parties then exited from the parking lot onto a road, which led to U. S. Highway Alternate 30.

The road in question was owned, controlled and maintained by P.E.T. although Globe Union, Inc., whose plant was located southwest of the P.E.T. plant, had previously been granted an easement of ingress and egress by P.E.T. since no other road was available to service its plant. It was also the only road which granted access to and from the P.E.T. plant. This road runs in a north-south direction and forms a "T" intersection with U. S. Highway Alternate 30.

After exiting from the P.E.T. parking lot onto the road in question, the plaintiff and defendant proceeded north to a point approximately five car lengths south of the traffic light on U. S. Highway Alternate 30. The light, at that time, was red for plaintiff's direction of travel and plaintiff's vehicle was stopped. Defendant's vehicle,

which was immediately to the rear of the plaintiff's vehicle, was also stopped, waiting for the traffic light to change. While waiting for the light to change, defendant leaned over to pick up her purse and in doing so she released her foot from the car brake causing her car to move forward and strike plaintiff's car, thereby allegedly causing injury to the plaintiff.

Plaintiff, on appeal, contends that her injury did not arise out of and in the course of her employment so as to bar her common-law action and that genuine issues of material fact existed which should have precluded the order granting defendant's motion for a summary judgment.

■■ As to the phrase, "arising out of," what was said in Chmelik v. Vana, 31 Ill2d 272, 277, 278, 201 NE 2d 434 (1964) is applicable here:

> ". . . 'Arising out of' refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury, (citations omitted) and in order for an injury to come within the act it must have had its origin in some risk connected with, or incidental to, the employment, so that there is a causal connection between the employment and the injury. (Citations omitted.) . . . Ordinarily, an injury does not arise out of the employment unless the danger causing the injury is peculiar to the work and the risk is not one to which the public generally is subjected (citations omitted) ; . . . however, if an employee is exposed to a risk common to the general public to a greater degree than other persons by reason of his employment, the accidental injury is said to arise out of his employment. (Citations omitted.)"

We do not agree with plaintiff's contention that the accident did not arise out of her employment. The record

clearly shows that the road in question was owned, maintained and controlled by P.E.T. and that it was never maintained or dedicated to the City of Geneva, Illinois, in whose jurisdiction it falls. It was furnished and maintained by P.E.T. to facilitate the arrival and departure of its employees.

Proof that an employee is present at the place where he was injured because of his employment is not by itself sufficient to sustain his burden of proving that the injury arose out of the employment, but an injury fairly traceable to the employment as a contributory proximate cause qualifies as having arisen out of the employment. W.K.I.D. Broadcasting v. Industrial Commission, 42 Ill2d 236, 239, 247 NE2d 601 (1969); Brewster Motor Co. v. Industrial Commission, 36 Ill2d 443, 449, 223 NE2d 131 (1967).

This court is of the opinion that the injury occurred on a road that was provided and used as an incident of the employment, the P.E.T. plant-owned road being an adjunct of the P.E.T. plant, and that the injury is fairly traceable to the employment as a contributing, proximate cause; therefore, the injury arose out of the employment.

The words, "in the course of the employment" concern the time, place and circumstances of the injury, W.K.I.D. Broadcasting v. Industrial Commission, supra, 239. The employment contemplates an employee's entry upon and departure from the employer's premises as much as it contemplates his working there. Employment is not limited to the exact moments when an employee begins or ceases his duties, but necessarily includes a reasonable time before commencing and after concluding actual employment, Chmelik v. Vana, supra, 278. Such is the situation as it existed in this case.

292

■ We conclude that the plaintiff-employee was still in the course of her employment at the time of the accidental injury.

■■ The purpose of a summary judgment procedure is not to try an issue of fact but rather to determine if one exists. The right of the moving party should be free from doubt, determinable solely as a question of law and the whole record must be considered. Miller v. Owens Illinois Glass Co., 48 Ill App2d 412, 416, 199 NE 2d 300. Plaintiff contends that there is a genuine issue of material fact as to whether or not the road in question was private. In considering the record as a whole, it is clear that the road on which the accidental injury took place was privately owned and maintained by P.E.T.

■ The plaintiff also contends that whether or not plaintiff's injury arose out of and in the course of her employment and whether or not plaintiff was an employee of P.E.T. at the time of the accidental injury, are other genuine issues of material fact that should have precluded the summary judgment entered by the trial court. Since we have already found that the trial court's finding was correct as a matter of law as to these points, we feel that no further elaboration is necessary here.

The judgment is therefore affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.