ROBERT R. PINTUR, Indiv. and as Father and Next Friend to Robert T. Pintur, a Minor, Plaintiffs-Appellants, v. CARL GERMANN *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—0536

Opinion filed May 22, 1989.

Farrell & Associates, Ltd., of Palos Heights (Noreen M. Daly and Mary K. Farrell, of counsel), for appellants.

Beverly, Pause, Duffy & O'Malley, of Chicago (James L. Rados and Daniel C. Truesdale, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from a negligence action filed in the circuit court by Robert T. Pintur and his father, Robert R. Pintur (plaintiffs), seeking damages from Jeff Germann and his father, Carl Germann (defendants), for injuries sustained by Robert T. in an incident involving an automobile driven by Jeff and owned by Carl. The circuit court granted defendants' section 2—619 motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) because the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) barred their common-law action. We affirm.

■ Section 5(a) of the Act prohibits common-law actions against "the employer *** or the agents or employees" of the employer for injuries compensable under the Act. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).) The Illinois Supreme Court has interpreted this section as barring a common-law action by an employee against a negligent co-employee covered under the Act where the accidental injury (1) arises out of the employment and (2) is in the course of the employment. (*Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618, 161 N.E.2d 812; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434.) At issue here is whether Robert T.'s injury arose out of and in the course of his employment.

■■ The material facts here are undisputed. On August 4, 1986, Robert T. and Jeff, both employees of Park Lawn School and Activity Center, Inc., "punched out" of work for the day. Jeff, who had left the work premises to drive around the block, returned to their employer's parking lot to give Robert T. a ride home. Before the vehicle came to a complete stop, Robert T. jumped onto the outside of the vehicle. Jeff then accelerated, thereby throwing Robert T. to the pavement and injuring him.

These factual circumstances clearly satisfy the requirement that the injury occur in the course of the employment. The Illinois Supreme Court has defined the phrase "in the course of the employment" as that within the period of employment at a place where the employee may reasonably be in the performance of his duties or engaged in something incidental thereto. (*Chmelik*, 31 Ill. 2d at 278, 201 N.E.2d at 438.) Expounding further, the court has stated that employment is not limited to the exact moment when an employee begins or ceases his duties because employment contemplates an employee's entry upon and departure from the employer's premises as much as it

contemplates his working there. (*Chmelik*, 31 Ill. 2d at 278, 201 N.E.2d at 438.) Plaintiff Robert T.'s injury here indisputably occurred shortly after work on the employer's premises while he was leaving work. This evidence as to time, place, and circumstances of injury has repeatedly been held to satisfy the "course of employment" requirement. See *Chmelik*, 31 Ill. 2d at 278, 201 N.E.2d at 438; *Rogers v. Industrial Comm'n* (1980), 83 Ill. 2d 221, 223, 414 N.E.2d 744, 745; *Mast v. Rogers* (1969), 118 Ill. App. 2d 288, 293, 254 N.E.2d 179, 181.

As to the requirement that the injury "arise out of" the employment, the Illinois Supreme Court has defined such an injury as one having its origin in some risk connected with, or incidental to, the employment. The risk ordinarily is not one to which the public generally is subjected, although the requirement may be satisfied if an employee is exposed to a risk to a greater degree than other persons by reason of his employment. *Chmelik*, 31 Ill. 2d at 277-78, 201 N.E.2d at 438; *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 45, 509 N.E.2d 1005, 1008.

Applying these principles, courts have found risks encountered by co-employees involved in automobile accidents in the employer's parking lot while the employees were leaving work to be incidental to the employment. (*Chmelik*, 31 Ill. 2d 272, 201 N.E.2d 434; *Mast*, 118 Ill. App. 2d 288, 254 N.E.2d 179.) Among the injuries found not to be incidental to the employment are those which result from a personal risk, as opposed to a risk inherent in the claimant's work or work place. *Roberts & Oake v. Industrial Comm'n* (1942), 378 Ill. 612, 39 N.E.2d 315 (employee injured while on lunch break while he jumped onto a running board of a truck on a road off the employer's premises); *Orsini*, 117 Ill. 2d 38, 509 N.E.2d 1005 (employee injured while working on his personal automobile during working hours when his car lurched forward); *Fisher Body Division, General Motors Corp. v. Industrial Comm'n* (1968), 40 Ill. 2d 514, 240 N.E.2d 694 (employee injured from attaching jumper cables from a booster battery in his car); *Rogers*, 83 Ill. 2d 221, 424 N.E.2d 744 (employee injured when struck by a malfunctioning automobile driven by his wife in the parking lot of his employer after work); *Jones v. Industrial Comm'n* (1980), 78 Ill. 2d 284, 399 N.E.2d 1314 (employee injured in employer's parking lot when he accidently closed the car door on his hand).

In our judgment, the factual circumstances of the instant case fit squarely under the holdings in *Chmelik* and *Mast*. In *Chmelik*, the plaintiff was struck by a vehicle driven by a co-employee when the plaintiff was leaving work as he walked across the company parking lot. In *Mast*, co-employees were involved in an automobile collision as

they were leaving work on a road which was owned by the employer. The injury here resulted from an automobile accident between co-employees in the employer's parking lot while both employees were leaving work shortly after they had "punched out" of work.

We do not believe, as plaintiffs urge, that the instant case can be distinguished from these holdings. Plaintiffs argue that the injury could not have arisen from Robert T.'s employment because he voluntarily assumed a personal risk not connected with his employment by stepping onto the outside of defendant Carl's car. In all the cases cited by plaintiffs where courts have found a risk personal to the employee rather than incidental to the employment, however, the risks were entirely separate from the employment. For example, in *Orsini*, the court emphasized that the personal risk assumed by the employee in working on his automobile served no purpose relative to the employment and the risk was "totally unrelated" to the employment. (*Orsini*, 117 Ill. 2d at 47, 509 N.E.2d at 1009.) In *Roberts & Oake*, where the employee jumped on a running board on a road off the employer's premises on his lunch break, the court emphasized that the plaintiff had chosen a method of transportation which was not in any way identified with his employment or incidental to it. *Roberts & Oake*, 378 Ill. at 616, 39 N.E.2d at 316.

As in *Chmelik* and *Mast*, the accident here was connected to the employment because it involved co-employees as they were leaving work in their employer's parking lot. The fact that Robert T. may have contributed to his injury by jumping onto the car does not render the injury unconnected to the employment. In *Mast*, the court stated that where an injury is fairly traceable to the employment as a contributory proximate cause, it qualifies as having arisen out of the employment. (*Mast*, 118 Ill. App. 2d at 292, 254 N.E.2d at 181.) Thus, the fact that plaintiff contributed to the risk should not be determinative here because the injury is traceable to a risk incidental to the employment.

Accordingly, based upon Illinois case law, we hold that the circuit court's findings that the accident arose out of and in the course of the employment are correct as a matter of law. We, therefore, affirm the circuit court's dismissal of plaintiffs' common-law action on the ground that it is barred by the Act.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.