EARL HOPKINS, JR., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (The City of Peoria, Appellant).

Third District (Industrial Commission Division)   No. 3—89—0240WC

Opinion filed March 8, 1990.

Brian P. Mack and Robert H. Jennetten, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellant.

Lindsay W. Wright, of Strodel, Kingery & Durree, Associated, of Peoria, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Respondent, City of Peoria (Peoria), appeals the judgment of the circuit court of Peoria County which set aside the Industrial Commission's (Commission's) decision to deny compensation to claimant, Earl Hopkins, Jr.

The matter was heard by an arbitrator on July 16 and August 5, 1986. The arbitrator found that claimant's injury arose out of and in the course of his employment and also determined that claimant's condition of ill-being was causally related to his injury. The arbitrator held that claimant was temporarily totally disabled for a period of 59³/₇ weeks. Further, the arbitrator found that claimant's condition had not reached permanency.

On December 1, 1986, the Commission, without hearing additional evidence, reversed the arbitrator's decision, finding that claimant failed to prove that on February 29, 1984, he sustained injuries arising out of and in the course of his employment.

On judicial review, the circuit court of Peoria County held that the Commission's decision to deny recovery by the claimant was contrary to the manifest weight of the evidence. Respondent thereupon filed a motion in the circuit court to reconsider its ruling or for a finding under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). This motion was denied, and the case was remanded to the Commission for a determination of the extent of claimant's temporary total disability. On remand, the Commission found that claimant was entitled to 59³/₇ weeks of temporary total disability. The circuit court confirmed the Commission's decision, and this appeal followed.

Respondent raises two issues, namely, claimant failed to prove that his injury arose out of and in the course of his employment and that claimant's condition of ill-being is not causally related to his February 29, 1984, accident.

First, respondent argues that claimant's injury did not arise out of his employment. Regarding this issue, the following undisputed evidence was adduced at arbitration. Claimant was employed by Peoria as the court sergeant at the Peoria County courthouse. On February 29, 1984, claimant was training another police officer, Donald Swank, to take his place as court sergeant; claimant and Officer Swank were seated in the office provided for the court sergeant in the Peoria County courthouse. Officer Swank was seated in a swivel-style chair that claimant normally used. Claimant was seated in a nonswivel-type straight-back chair provided by his employer. Officer Swank asked claimant a question, and claimant turned in his chair to answer. As he turned, he felt a pop in his back. He complained of feeling a "pop-

ping" in his back. Following the "popping," claimant experienced pain radiating down his right leg.

Shortly after the onset of back and leg pain, Officer Swank offered to perform a "chiropractic manipulation" on claimant's back. Said manipulation consisted of Officer Swank's squeezing and lifting claimant in the stairwell of the courthouse. Upon receiving this manipulation, claimant felt muscle spasms in his upper back; after the accident, claimant sought medical treatment from Dr. Paul Najers, who diagnosed lumbar-sacral strain, affecting claimant's back and right leg. Dr. Najers prescribed muscle relaxants and pain medication.

Claimant also testified that he was wearing a gun and holster at the time of the incident but he did not recall if his gun caught on the arm of the chair in which he was seated. He was unsure whether this had occurred at the time of this incident. Claimant was accustomed to sitting in the swivel-type chair; the straight-back chair did not "give" or turn as he had expected it to do.

Dr. Martin and Dr. White, the only medical witnesses, stated that the injury suffered by the claimant on the date in question could have occurred with any simple and normal activity. Claimant also had previous low back problems, beginning in 1966 with an auto accident and other work-related incidents.

Dr. White, the respondent's physician, who examined and treated claimant before and after the February 29, 1984, incident, testified as follows relative to the connection between claimant's injury and his employment.

"Q. With reference to degenerative disc disease, Dr., you did mention based on his prior history of back injuries that he is predisposed or would be predisposed to the sort of thing that happened to him on February 29, 1984. Is that right?

A. That's correct.

Q. And as you understand it, that was simply turning in his chair which based on your experience can happen to people that have this kind of degenerative disc problem?

A. That's correct.

Q. And that sort of thing could have happened to him if he were sitting in his living room and turned to reach for the 'T.V. Guide'?

A. Could have happened anywhere at all.

Q. Under any circumstances?

A. That's correct.

Q. OK. It just so happened that it happened while he was at his desk at the police station. It that correct?

A. That's correct."

■ The issue on this appeal is whether the decision of the Industrial Commission, December 1, 1986, denying the claimant compensation is against the manifest weight of the evidence. In *Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, our supreme court explicated the law regarding whether the injury arose out of the employment as follows:

"For an injury to 'arise out of' the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury. [Citations.] Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. [Citation.] A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties. [Citations.]

If an employee is exposed to a risk common to the general public to a greater degree than other persons, the accidental injury is also said to arise out of his employment. [Citations.] However, if the injury results from a hazard to which the employee would have been equally exposed apart from the employment, or a risk personal to the employee, it is not compensable. [Citations.]" *Caterpillar*, 129 Ill. 2d at 58-59.

In *Board of Trustees v. Industrial Comm'n* (1969), 44 Ill. 2d 207, the claimant, who was a teaching assistant, was preparing materials for class as required by his job, turned in his chair upon hearing a noise, and he then heard his back "pop," and thereafter, his problem was diagnosed as a ruptured disc. The Industrial Commission made an award which the circuit court set aside, and then the supreme court affirmed the denial of the award to the claimant. The court stated as follows:

"[T]here must be a showing that an injury, to be considered compensable, was due to a cause connected with the employment or incidental to it. There is no evidence here of a causal connection between the appellant's employment and the injury. *The appellant simply turned in his chair and suffered the injury*. There was no suggestion that the chair was defective or unusual in any way. The medical evidence was that because of its degenerated condition any simple and normal activity would

have caused the appellant's disc to rupture. The injury was not caused by a risk incidental to the employment." (Emphasis added.) (*Board of Trustees*, 44 Ill. 2d at 214-15.)

In *Board of Trustees v. Industrial Comm'n*, the Industrial Commission's finding was set aside for the reason that the finding in claimant's favor was against the manifest weight of the evidence.

*Interlake, Inc. v. Industrial Comm'n* (1987), 161 Ill. App. 3d 704, is cited to support claimant's position in this case; however, there the medical evidence clearly related to claimant's back difficulties due to prior work-incurred injuries. Here, the Industrial Commission made no such finding, and based on Dr. White's testimony as set forth above, the decision of the Industrial Commission has ample evidentiary support.

■■ Claimant here seeks to distinguish *Board of Trustees* on the basis of certain facts that cast doubt on the credibility of the claimant in that case as the basis of the supreme court decision. On the other hand, as previously noted, there is evidentiary support for the Industrial Commission's decision in this case; therefore, it is not for this court to pass on the credibility of the witnesses.

In *Greater Peoria Mass Transit District v. Industrial Comm'n* (1980), 81 Ill. 2d 38, the claimant leaned over to pick up a document from the floor and lost her balance and, in falling, struck her shoulder, which was dislocated. The medical evidence showed that she had an existing shoulder problem before the occurrence in question. The supreme court denied recovery of compensation, holding that her injury was a result of a normal activity and not a risk incidental to her employment.

In *Branch v. Industrial Comm'n* (1983), 95 Ill. 2d 268, the claimant told his doctor that while he was taking his coat off after arriving at work, he suddenly felt a hot poker in his back. The Industrial Commission found that the claimant had not proved a compensable injury arising out of and in the course of his employment, and the decision of the Industrial Commission was affirmed by the circuit court and the supreme court. The supreme court held that in order for there to be a compensable injury, there must be a showing that the injury is connected to the employment and that more is required than the fact that the incident occurred at the employee's workplace.

■■ This case is very similar to *Board of Trustees v. Industrial Comm'n* (1969), 44 Ill. 2d 207. Here, claimant "simply turned in his chair and suffered injury. There was no suggestion that the chair was defective or unusual in any way." There is no definite proof that claimant's gun and holster caught on the chair as he turned. More is

required than the fact that an accident occurred at claimant's workplace. Here, the injury resulted from a hazard personal to the claimant and, therefore, did not arise out of claimant's employment. There is sufficient evidence to support the decision of the Industrial Commission denying the claim.

It is unnecessary for us to consider the issue of causal connection in view of our holding that the injury did not arise out of claimant's employment. Accordingly, we hold that the decision of the Industrial Commission, December 1, 1986, is not against the manifest weight of the evidence, and the judgment of the circuit court is reversed.

Reversed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and LEWIS, JJ., concur.