DAVID SANGSTER, Plaintiff-Appellant, v. BECKY KELLER, a/k/a Becky Wagoner, Defendant-Appellee.

Second District   No. 2—91—0860

Opinion filed March 19, 1992.

Randall M. Taradash, of Taradash & Bentley, of McHenry, for appellant.

Vette E. Kell, of Kell, Nuelle & Loizzo, of Woodstock, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The plaintiff, David Sangster, filed a one-count complaint in the circuit court of McHenry County alleging negligence on the part of the defendant, Becky Keller. The trial court granted the defendant's motion for summary judgment, and the plaintiff filed this appeal. On appeal, the plaintiff raises the sole issue of whether the

trial court erred in granting summary judgment in favor of the defendant.

The following relevant facts are adduced from the pleadings and affidavits on file. The plaintiff's complaint alleges that on or about May 25, 1988, he and the defendant were operating their respective motor vehicles on the corporate grounds of the Hollister Company (Hollister), their mutual employer. The complaint further alleges, among other things, that while the plaintiff's vehicle was stopped in traffic, the defendant was attempting to exit the corporate grounds when her vehicle came in contact with the plaintiff's vehicle.

The defendant answered the complaint and admitted that both vehicles were being operated on the corporate grounds of Hollister at the time of the traffic accident. The answer also contains an affirmative defense wherein the defendant asserts that she and the plaintiff were employees of Hollister at the time of the accident and that the action was barred by section 5(a) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)) because the accident arose out of and in the course of employment.

The defendant subsequently filed a motion for summary judgment in which she reiterated as her basis for the motion that the cause of action was barred by section 5(a) of the Act. She attached to her motion for summary judgment her affidavit as well as the affidavit of the plaintiff.

The defendant's affidavit states that she and the plaintiff were employed by Hollister on the day of the accident. She and the plaintiff drove their vehicles to and parked in a parking area furnished by Hollister. After finishing work, she and the plaintiff drove their respective vehicles from the Hollister parking area and driveway toward a public street. They were both on the Hollister premises and had not reached the public street at the time of the accident. The plaintiff's affidavit essentially contains the same factual averments as the defendant's affidavit.

In his response to the defendant's motion for summary judgment, the plaintiff adopted the facts set forth in the defendant's motion. He argued that he was not subject to any greater risk in exiting Hollister via the driveway than the public at large, and, thus, the accident did not arise out of the course of his employment. He filed the same affidavits with his response as the plaintiff did with her motion for summary judgment.

Following a hearing, the transcript of which is not part of the record on appeal, the trial court granted the defendant's motion for summary judgment. In its memorandum opinion and order, the

court initially noted that there was no factual dispute between the parties. The court further found, relying on *Chmelik v. Vana* (1964), 31 Ill. 2d 272, that the plaintiff was barred by section 5(a) of the Act from pursuing his negligence claim against the defendant. The plaintiff filed this timely appeal.

The plaintiff contends that summary judgment was improperly granted in favor of the defendant because his negligence action was not barred by section 5(a) of the Act. Specifically, he maintains that the accident did not arise out of the course of his employment because he was not subject to any greater risk than the public at large. He further argues that there is no evidence that the driveway leading from the parking area was defective or in any way caused the occurrence.

■■ Section 5(a) of the Act prohibits common-law actions against an employer or its agents and employees for injuries compensable under the Act. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a); *Pintur v. Germann* (1989), 183 Ill. App. 3d 763, 765.) This section of the Act bars a common-law action by an employee against a negligent co-employee where the accidental injury arises out of the employment and occurs in the course of employment. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, *Pintur*, 183 Ill. App. 3d at 765.) Thus, in the context of this case, we must determine whether the plaintiff's injury arose out of and in the course of his employment. If it did, the plaintiff was properly barred from maintaining his negligence claim against the defendant.

■■ The parties do not raise any issue as to whether the plaintiff's injury in this case arose in the course of employment. The plaintiff seems to concede that the occurrence in this case arose in the course of employment. Indeed, such a concession under these facts is inescapable. The language "in the course of" refers to the time, place and circumstances under which the accident occurred. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 57.) Accidental injuries sustained on an employer's premises within a reasonable time before and after work are generally deemed to arise in the course of the employment. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 57-58.) The undisputed facts here establish that the accident occurred between co-employees who were driving vehicles on an employer-owned driveway shortly after work. The accident clearly arose in the course of the plaintiff's employment. We will focus, therefore, on the question of whether the plaintiff's injury arose out of the course of his employment.

■ The phrase "arising out of" refers to the causal connection between the employment and the injury. (*Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 548.) The causal connection is demonstrated if the claimant establishes that the injury's origin lies in some risk related to the employment. (*Brady*, 143 Ill. 2d at 548.) Additionally, an injury arises out of the employment if the conditions or nature of the employment increase the employee's risk of harm beyond that to which the general public is exposed. (*Brady*, 143 Ill. 2d at 548.) Furthermore, the fact that an employee was present at the place of his injury because of his employment duties does not by itself establish that the injury arose out of the employment. (*Brady*, 143 Ill. 2d at 550.) Rather, it must be demonstrated that the employee's risk of the injury sustained is peculiar to his employment or that it is increased as a consequence of his work. *Brady*, 143 Ill. 2d at 550.

■ In the present case, the undisputed facts demonstrate that the plaintiff's injury arose out of his employment at Hollister. The accident occurred on the driveway owned by Hollister and used by its employees to ingress and egress its facility. The evidence also establishes that the accident occurred at a time when both employees were leaving work. Under these circumstances, there is a certain degree of risk associated with the plaintiff's use of the driveway that he would not otherwise be subjected to if he were not using the driveway, along with other employees, to access or exit the workplace. Furthermore, the regular and continuous use of the driveway by employees, particularly at starting and quitting times, results in an increased risk of harm beyond that to which the general public is exposed. (See *Chmelik*, 31 Ill. 2d at 280.) Where, as here, a vehicular accident occurs between two employees who are using an employer-owned driveway to exit their workplace shortly after concluding their work day, the injury to the plaintiff arises out of and in the course of his employment and thus bars his bringing a common-law action for negligence against his co-employee. See *Mast v. Rogers* (1969), 118 Ill. App. 2d 288, 292-93.

Additionally, this case is readily distinguishable from *Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, and *Hopkins v. Industrial Comm'n* (1990), 196 Ill. App. 3d 347, two cases relied on by the plaintiff. In *Caterpillar Tractor Co.*, the employee, who sought recovery under the Act, was injured when he stepped off a curb on his employer's property while on his way to the employee parking lot after finishing his shift. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 56-57.) The supreme court held that the injury did not

arise out of his employment because his injury was not caused by a condition of the employer's property. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 60-61.) Furthermore, the court determined that the employee was not exposed to a greater risk than the general public because he was no more likely to twist his ankle stepping from the curb than if he had been engaged in any activity other than leaving work. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 62-63.) Unlike in *Caterpillar Tractor Co.*, where the employee encountered a nondefective curb similar to one he would encounter in innumerable places outside of work, the plaintiff here was exposed, on a regular basis, to the increased risk of using the driveway to access and exit work at a time when other employees would be doing so as well.

In *Hopkins*, the employee turned while sitting in a chair at work and injured his back. (*Hopkins*, 196 Ill. App. 3d at 348-49.) Medical testimony established that the employee had previous back problems and that the injury suffered by him at work could have occurred with any simple, normal activity. (*Hopkins*, 196 Ill. App. 3d at 349.) The *Hopkins* court held that the employee's injury did not arise out of his employment as there was no evidence that the chair was defective or unusual and because the injury resulted from a hazard personal to the claimant. (*Hopkins*, 196 Ill. App. 3d at 351-52.) Again, this case is different from *Hopkins* in that the plaintiff here was subjected to the risk of injury due to his use of the employer-owned driveway at a time when other employees would also be using the driveway. The risk was clearly not personal to him.

For the foregoing reasons, we affirm the order of the circuit court of McHenry County granting summary judgment in favor of the defendant.

Affirmed.

INGLIS, P.J., and NICKELS, J., concur.