No. 3-03-0100

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

EQUISTAR CHEMICALS, L.P., )  Appeal from the Circuit      

)  Court of the 13
th
 Judicial  

)  Circuit, Grundy County,

   Third Party Plaintiff-Appellant, )  Illinois,

 )

 )  No. 99-L-21

 ) 

 )

BMW CONSTRUCTORS, INC., ) 

 )  Honorable Lance Peterson,

   Third Party Defendant-Appellee. )  Judge, Presiding.

______________________________________________________________________________

JUSTICE McDADE delivered the opinion of the court modified upon denial of rehearing:

______________________________________________________________________________

Jerry Wood, an injured employee, brought an action in the Circuit Court in Grundy County against his co-employee, Michael Bromberek, and the premises owner, third party tortfeasor Equistar Chemicals.  Equistar filed a third party action against Wood's employer, BMW Construction, seeking contribution.  Bromberek and Wood entered into a settlement agreement whereby Bromberek agreed to pay Wood $5,000 for injuries he sustained in exchange for a full release of all liability.  BMW moved for summary judgment, contending the settlement had discharged its vicarious liability.  The trial court agreed and granted BMW's summary judgment motion and appeal was taken.  For the following reasons, we reverse and remand. 

FACTS

Wood and his spouse sued defendant Equistar to recover damages for personal injuries received when Wood was struck by a truck driven by Bromberek.  In his complaint, Wood alleged the negligence of Equistar in connection with the condition of the premises on which the injuries occurred.  Wood further alleged that at the time of the accident, he and Bromberek were employees of BMW.  Equistar answered and filed a third-party complaint seeking contribution from BMW and Bromberek for the underlying claim filed by Wood.  The third-party complaint against BMW asserted two grounds for recovery:  BMW’s own negligence and vicarious liability for the negligence of Bromberek.  This third party complaint is the subject of this appeal.  Wood subsequently amended his complaint to make Bromberek a direct defendant alleging negligence but not intentional misconduct.  That complaint sought to recover for the same injuries.
(footnote: 1) 

On June 21, 2000, Bromberek filed a motion to dismiss.  In his motion, Bromberek claimed, in part, that he was entitled to the dismissal of the Wood complaint under the exclusive remedy provision of the Workers' Compensation Act (820 ILCS 305/5(a) (West 2002)) where the complaint alleged that Wood and Bromberek were both employees of BMW.  Memoranda opposing the motion on the grounds that Bromberek had not been acting in the course and scope of his employment at the time of the accident were filed or adopted by plaintiff and Equistar.  The briefing was completed in late October 2001.   

On January 23, 2002, in advance of any decision by the court on the motion to dismiss, Bromberek entered into a written settlement and release agreement with Wood under the terms of which Wood received $5,000 in exchange for a full and complete release of Bromberek and his insurer from all liability as a consequence of his injuries.  In the written agreement, Bromberek specifically denied he had been negligent.  BMW was not named as a released party in the written settlement.  

Bromberek, thereafter, petitioned the trial court for a finding of good faith pursuant to the Illinois Joint Tortfeasors Contribution Act (Contribution Act) (740 ILCS 100/2(d) (West 2002)).  On the same day, the trial court held a settlement hearing with all parties present through their attorneys.  The court entered an order finding that the settlement between Bromberek and Wood was in good faith and dismissed Wood's action against Bromberek with prejudice.  Counsel for Equistar did not object to the court’s good faith finding.

On October 7, 2002, BMW filed a motion for summary judgment as to both counts of Equistar's second amended complaint on the theory that Equistar "has failed to establish the necessary requisites to hold BMW liable under vicarious liability."  Also on October 7, BMW filed a memorandum in support of its summary judgment motion, asserting: (1) Wood's settlement with Bromberek "extinguishes any purported vicarious liability" of BMW; and (2) "BMW had no duty to supervise its employees in the operation of their own vehicles."

Equistar filed a response to BMW's motion for summary judgment on October 21, 2002.  In this response, Equistar did not address the substance of the first legal contention raised by the summary judgment motion. 

On October 29, 2002, the trial court heard argument on the motion.  During the course of the hearing, counsel for Equistar stated:  "Judge, I think as we noted earlier on the record, we don't contest the liability of BMW strictly as it relates to vicarious liability.  Based on that settlement, once Mr. Bromberek was out, I don't think he (sic) could be vicariously liable."  On October 30, the court granted BMW’s motion for summary judgment and dismissed all complaints and cross-claims against BMW with prejudice.  A finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) was made.

On December 2, 2002, Equistar filed a motion to reconsider the court's ruling.  Equistar, citing 
Ramsey v. Morrison
, 175 Ill. 2d 218, 676 N.E.2d 1304 (1997), argued Bromberek’s settlement had no bearing on BMW’s derivative liability.
  Following a hearing, the court denied Equistar's motion and concluded:

"I'm quite confident this unique set of facts has not been addressed by an appellate court, at least that I know of, and so if I just dogmatically apply the rules set forth in both cases, that plaintiff has the right--I'm sorry, third party plaintiff Equistar has the right to sue the employer for contribution notwithstanding the Workers’ Compensation Act, which they did, but I cannot get around the rule of law that still exists that settlement between the plaintiff and the agent extinguishes vicarious liability of the principal."

The trial court then entered the required finding of "no just reason to delay enforcement or appeal," and third-party plaintiff filed a timely notice of appeal.

DISCUSSION

Summary of Our Decision

The trial court has found that common law principles of vicarious liability create an exception to the Contribution Act’s directive that no party is relieved from liability by the settlement of another unless expressly released in the written settlement agreement reached in good faith.  We do not believe that finding is required by the plain and unambiguous language of section 2(c) of the Contribution Act (740 ILCS 100/2(c) (West 2002)) which provides:

"When a release *** is given in good faith to one or more persons liable in tort arising out of the same injury *** , it does not discharge any of the other tortfeasors from liability for the injury *** unless its terms so provide ***"

That provision of the Act contains no express exception and appears to be unequivocal and dispositive.  BMW, however, relying on the appellate court’s decision in 
Bristow v. Griffitts Construction Co.
, 140 Ill. App. 3d 191, 488 N.E.2d 332 (1986)
, and the supreme court’s decision in 
American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center
, 154 Ill. 2d 347, 355, 609 N.E.2d 285, 289-90 (1992)
, which agreed with 
Bristow
’s reasoning and conclusion, has suggested, and the trial court has agreed, that there is an implicit exception in section 2(c) of the Act for a situation where the liability of one tortfeasor rests solely in its vicarious responsibility for the negligence of the settling party.   

We address the issue thus presented, and we find that, 
on the facts of this case
, the trial court’s decision is inconsistent with the purposes of both the Contribution Act and the Workers’ Compensation Act.

The purpose of the Contribution Act (740 ILCS 100/0.01 
et seq 
(West 2002)) is relief, through a proper apportionment of fault, of a party who is obligated to pay more than his fair share of damages for an injury.  The purpose of the Workers’ Compensation Act (820 ILCS 305/1, 
et seq 
(West 2002)) is the development and enforcement of an expedited procedure for achieving a fair payment for work-related injury without requiring a determination of fault.  To this end, the act prohibits civil claims against a covered employer and allegedly negligent co-employees by an employee injured on the job.

It is the interplay between these two statutes that distinguishes this case from those on which the court and parties relied in arriving at the summary judgment finding.  More specifically, it is the fact that plaintiff is the employee as opposed to an independent party that requires a result different from 
American National 
and 
Bristow
.

At the time of the accident at issue in this case, BMW, as employer, became legally responsible for Wood’s injury to the extent it was caused by its own negligence or the negligence of Wood’s co-worker, Bromberek, while acting within the course and scope of his employment.  BMW was thus subject to liability in tort and could be sued for contribution despite the strictures of the Workers’ Compensation Act.  
Doyle v. Rhodes
, 101 Ill. 2d 1, 14, 461 N.E.2d 382, 388 (1984).  No similar exception exists for co-workers, however, and under the Workers’ Compensation Act, Wood could not sue Bromberek for damages negligently caused by Bromberek while on the job.   
Ramsey, 
175 Ill. 2d at 224, 676 N.E.2d at 1307.  Nonetheless, Wood filed a claim against Bromberek alleging their common employment by BMW, alleging negligence, and making no allegations of intentional actions.  To the extent that Bromberek’s negligence was responsible for Wood’s injury, the trial court’s order--finding that Bromberek’s settlement for a relative pittance (a mere 1.3% of the portion of the verdict attributable to his fault) effectively released BMW from any liability in contribution--would force Equistar to pay more than its fair share.
(footnote: 2)
 In the written settlement, Bromberek denied both negligence and liability for Wood’s injury, and he did not release BMW.  If this court were to hold on the facts of this case that that release could operate to bar Equistar’s claim for contribution from BMW, the intent of the Contribution Act would be thwarted.  Therefore, we believe that the Contribution Act requires that when the plaintiff is his employee, an employer joint tortfeasor whose liability is solely vicarious cannot be relieved from a contribution claim on the basis of a release in which it is not named.  Its relief can only be achieved by a finding on the merits that the co-employee for whom the employer is vicariously liable was 
not
 negligent
.

We further believe that this conclusion draws even greater force when coupled with the Workers’ Compensation Act’s express intent to subsume the negligence of a co-worker into the compensation claim against the employer and to permit only one simplified recovery of prescribed damages payable to the injured employee without consideration of fault.  Our supreme court has determined that an employer-- although insulated from direct action by its employee-- can be sued in contribution by another alleged tortfeasor.  In the circumstances posed in this case, no exception for either a direct action or a claim in contribution against a
 
negligent
 co-employee has been recognized.  There is, therefore, no legal basis on which any claim of negligence could be maintained against Bromberek by either Wood or Equistar.  To permit a settlement with him to release the employer does an end-run around the Workers’ Compensation Act.

The effect of releasing Bromberek pursuant to a settlement is not and should not be construed as a determination of his liability on the merits.  Our reversal of the trial court’s order granting summary judgment in favor in BMW protects the purpose of the Contribution Act while ensuring that the proper parties, as delineated under 
Ramsey v. Morrison
 and the Workers’ Compensation Act, actually resolve the issues.  We believe our holding is consistent with the legislature’s intent in enacting both of these statutes.

Standard of Review

The issues in this appeal arise in conjunction with the trial court’s grant of summary judgment in favor of BMW.  In Illinois, summary judgment is governed by section 2-1005 of the Code of Civil Procedure.  735 ILCS 5/2-1005 (West 2002).  Under section 2-1005(c)
, a party is entitled to summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  735 ILCS 5/2-1005(c) (West 2002).  Because summary judgment is a drastic method of terminating litigation, the movant's entitlement must be free from doubt. 
 Logan v. Old Enterprise Farms, Ltd.
, 139 Ill. 2d 229, 233, 564 N.E.2d 778, 780 (1990).  
Accordingly, the reviewing court must construe the evidence strictly against the movant and liberally in favor of the non-moving party.  
Logan, 
139 Ill. 2d at 234, 564 N.E.2d at 780.  Where reasonable persons could draw divergent inferences from undisputed facts, summary judgment should be denied. 
 Loyola Academy v. S & S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 586 N.E.2d 1211 (1992).  In appeals from summary judgment rulings, we conduct 
de novo
 review utilizing the same standards imposed on the trial court.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.,
 154 Ill. 2d 90, 607 N.E.2d 1204 (1992).

We are also called upon to construe the effect of two statutes--the Contribution Act and the Workers’ Compensation Act.  Statutory construction presents a question of law which we review 
de novo
.  
Health Professionals, LTD. v. Cullinan
, 339 Ill. App. 3d 1021, 1026, 791 N.E.2d 1179, 1186 (2003).

Analysis

BMW first argues that the question of whether, as a matter of law, a third party plaintiff is entitled to proceed against a vicariously liable employer in an action for contribution after the original plaintiff enters into a settlement with the negligent employee, should not be considered on review because Equistar did not contest the issue prior to the entry of summary judgment.  See 
McMath v. Katholi
, 191 Ill. 2d 251, 255, 730 N.E.2d 1 (2000).  To refute this argument, Equistar refers to its motion to reconsider the order granting summary judgment, BMW’s response, Equistar’s reply to that response, and the oral argument heard on the motion to reconsider.  Further, the pleadings in the cause raise this issue for determination in that Equistar specifically asserted a contribution claim against BMW based on its vicarious liability.  BMW’s motion for summary judgment itself and the attached memoranda further informed the trial judge that he was being asked to pass on the legal viability and sufficiency of Equistar's contribution claim.  For these reasons, we will consider the issue.  See 
Pick v. Associated Indemnity Corp
., 191 Ill. App. 3d 121, 126, 547 N.E.2d 555, 559 (1989).

There is a simple statutory answer to the question of whether Equistar’s claim against BMW survives Bromberek’s settlement with Wood.  The Contribution Act provides that where two or more persons are "subject to liability in tort arising out of the same injury to person or property, *** there is a right of contribution among them."  740 ILCS 100/2(a) (West 2002).
 
 Section 2(c) of the Contribution Act specifically addresses the effect of settlements on contribution among tortfeasors.  Section 2(c) provides as follows: 

"When a release *** is given in good faith to one or more persons liable in tort arising out of the same injury ***, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide ***."  740 ILCS 100/2(c) (West 1993). 

When read together, the above statutory sections entitle a third party plaintiff to seek recovery in contribution from a joint tortfeasor where the joint tortfeasor has not settled with the claimant and has not obtained a release, given in good faith, that extinguishes its tort liability.  Section 2(c) contains 
no
 exceptions.  The clear import of the section is that all persons who have not been expressly released remain obligated to defend the claim asserted against them on the merits.  

BMW urges us to affirm the trial court’s finding that common law tort principles require an interpretation that reads a vicarious liability exception into section 2(c), arguing that the supreme court has already approved such an exception in  
American National
, 154 Ill. 2d at 355, 609 N.E.2d at 289-90.
  For the reasons that follow, we find such an interpretation is not warranted in this case.  

In applying the above cited statutory language to the case at bar, we must first consider whether BMW was subject to liability in tort for Wood’s injury.  If not, there is no right of contribution between Equistar and BMW.  
Giordano v. Morgan
, 197 Ill. App. 3d 543, 548, 554 N.E.2d 810, 813 (1990).  In concluding that BMW was subject to liability in tort for Wood’s injuries, we rely on the case of 
Doyle v. Rhodes
, 101 Ill. 2d 1, 461 N.E.2d 382 (1984).  The Illinois Supreme Court held in 
Doyle
 that under the Contribution Act, an employer’s immunity from a suit in tort by its employee as plaintiff is not a bar to a claim for contribution against it by a third-party plaintiff.  
Doyle
, 101 Ill. 2d at 14, 461 N.E.2d at 388.  

In 
Doyle
, the plaintiff-employee brought a negligence suit against a motorist for injuries suffered when the motorist’s vehicle struck him. The defendant-motorist filed a third-party negligence action against the plaintiff’s employer, seeking contribution under the Contribution Act.  The employer argued it was not "subject to liability in tort" to its employees because the Workers’ Compensation Act immunized an employer from an employee’s tort action and, consequently, it was not subject to suit under the Contribution Act.  
Doyle
, 101 Ill. 2d at 6, 461 N.E.2d at 384-85.  In rejecting the employer’s argument, the supreme court explained that under the Contribution Act, "liability is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought."  
Doyle
, 101 Ill. 2d at 11, 461 N.E.2d at 387.  The court held that at the time of an injury for which an employer’s negligence was responsible, the employer is in fact "subject to liability in tort" to his employee.  

The Workers’ Compensation Act provided an employer only with an affirmative defense against an employee’s tort action.  Because there was an exposure to tort liability until the defense was established, the court held that employers were "subject to liability in tort" for purposes of the Contribution Act. 
 Doyle
, 101 Ill. 2d at 12, 461 N.E.2d at 387.  The 
Doyle
 court did not limit its holding to a particular form of tort action.  See 
Schrock v. Shoemaker
, 159 Ill. 2d 533, 640 N.E.2d 937 (1994).  The affirmative defense provided by the Workers’ Compensation Act is available in an action for contribution.  Section 3.5(a) of the Contribution Act reads as follows:

"If a tortfeasor brings an action for contribution against the plaintiff’s employer, the employer’s liability for contribution shall not exceed the amount of the employer’s liability to the plaintiff under the Workers’ Compensation Act ***."  740 ILCS 100/3.5(a) (West 2002).

Although the employer’s liability is capped, it does exist--and that is what matters here, for purposes of determining BMW’s right to summary judgment.  Accordingly, BMW’s immunity to suit by Wood does not bar Equistar’s contribution claim against BMW.

Although Equistar claimed BMW was negligent and that its own negligence contributed to Wood’s injury, that issue is not before this court in this appeal.  Equistar also sought contribution based on BMW’s vicarious liability for Bromberek’s negligence.  In support of its argument that Bromberek’s settlement had no effect on BMW’s liability, Equistar relied on 
Ramsey
, wherein the supreme court stated as follows:

"[A] third party sued by an injured employee is not, as a result of this holding, entirely without recourse when the negligence of the plaintiff's coemployee caused or contributed to the plaintiff's injury.  ***  [T]he third party may still recover contribution, albeit in a limited amount, from the employer.  In many cases, the basis for imposing contribution liability on the employer will be the negligence of a coemployee.  By pursuing a contribution action against the employer, the third party is thereby able to recover some contribution premised on the coemployee's negligence."  
Ramsey
, 175 Ill. 2d at 230-31, 676 N.E.2d at 1310.

Ramsey
, therefore, stands for the proposition that a defendant cannot seek contribution from the coemployee but could seek contribution from the employer under those facts.  
Ramsey
, 175 Ill. 2d at 231, 676 N.E.2d at 1310.  However, in 
Ramsey
, 175 Ill. 2d at 221, 676 N.E.2d at 1305-06, the coemployee has not, as in this case, been released from liability by the plaintiff.  
So while the case clearly established the principle, it does not address the particular fact situation with which we are faced.

In 
American National
, 154 Ill. 2d 347, 609 N.E.2d 285, the legal issue to be resolved was whether the Contribution Act had eliminated the doctrine of implied indemnity and thereby precluded direct quasi-contractual actions based on vicarious liability.  The supreme court held that it had not, stating:

"The viability of implied indemnity in the quasi-contractual situation insures that a blameless principal cannot be found legally accountable.  We therefore hold that common law implied indemnity was not abolished by the Contribution Act in quasi-contractual relationships involving vicarious liability."  
American National
, 154 Ill. 2d at 354, 609 N.E.2d at 289.

The plaintiff in 
American National
 brought suit against a medical center on a theory of vicarious liability based on the negligence of its employees.  Pursuant to a settlement reached between the plaintiff and the employees, the employees were dismissed from the primary suit.  The plaintiff then filed an amended complaint alleging only derivative liability against the medical center for the conduct of its employees.  In addressing the amended complaint, the supreme court commented that "[i]n a case of vicarious liability in the quasi-contractual context, the principal simply cannot be one of the ‘other tortfeasors’ to which section 3 of the Contribution Act refers.  [Citation omitted.]  The principal is blameless."  
American National
, 154 Ill. 2d at 354, 609 N.E.2d at 289.  We believe this analysis plainly suggests a difference between direct quasi-contractual actions and contribution claims.  

The court held that when a plaintiff brings a 
respondeat superior
 claim against a principal in quasi-contract, and to the extent that the principal’s potential liability is solely derivative, "any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability."  
American National
, 154 Ill. 2d at 355, 609 N.E.2d at 289-90.
  The court added:  "[I]n such [quasi-contract] cases, an order should be entered to reflect the extinguishment of the principal's vicarious liability." 
 American National
, 154 Ill. 2d at 355, 609 N.E.2d at 289.

In reaching its conclusion, the court considered the analysis of the appellate court in a case where the parties stood in essentially the same relationships to one another.  
Bristow
, 140 Ill. App. 3d 191, 488 N.E.2d 332.  The plaintiffs in 
Bristow
 brought suit against the driver of a vehicle and his employer.  The plaintiffs’ suit against the employer was based solely on the employee’s negligence through the doctrine of 
respondeat superior
.  
Bristow
, 140 Ill. App. 3d at 192, 488 N.E.2d at 333.
  The plaintiffs signed a covenant not to sue the employee in exchange for $20,000, and the employer moved for summary judgment, contending the covenant not to sue had discharged its liability.  
Bristow
, 140 Ill. App. 3d at 192, 488 N.E.2d at 333.
  The trial court denied the employer’s motion for summary judgment and the appellate court reversed.  
Bristow
, 140 Ill. App. 3d at 199, 488 N.E.2d at 338.
  The supreme court cited both the reasoning and the outcome of 
Bristow
 with approval and adopted its result.
  Neither court made a finding that its holding regarding direct quasi-contractual actions was applicable in a contribution case.

The specific facts before us remove this case from the general holding in 
American National
.  Although the supreme court held that settlement with the agent should result in an order extinguishing the principal’s vicarious liability, that case did not involve a contribution action by a third-party plaintiff.  In 
American National 
(as in 
Bristow
), the plaintiff sued the vicariously liable principal directly.  Under those facts, a plaintiff’s settlement with an agent, and a subsequent dismissal of the principal, would affect only the plaintiff’s own recovery, potentially limiting it to the amount of the settlement.  Here, Wood’s settlement with Bromberek would, given the trial court’s order, force Equistar to pay more than its share for Wood’s injuries because, under 
American National
’s general proposition, Equistar would be precluded from maintaining its contribution claim against BMW.  That result is in contravention of the Contribution Act, which has as one of its goals "eliminating inequity between joint tortfeasors."  
American National
, 154 Ill. 2d at 352, 609 N.E.2d at 288.  

More importantly, however, the significant, and we believe, dispositive difference between those cases and the instant case is the fact that the plaintiffs in 
Bristow
 and 
American National
 were neither employed by the principal nor co-workers of the person(s) whose actions formed the basis for the vicarious liability claim.  There was, therefore, in those cases, no need to factor the Workers’ Compensation Act into the analysis.  The Workers’ Compensation Act prohibits a common-law action by an injured employee against a 
negligent
 coemployee where the injury arises out of the employment and occurs in the course of employment.  820 ILCS 305/5 (West 2002);
 Sangster v. Keller
, 226 Ill. App. 3d 535, 538, 589 N.E.2d 940, 941 (1992).
  Unlike the employer’s immunity from suit by an employee, the prohibition of suit against a coemployee is not an affirmative defense to be pled by the coemployee.  See 
Doyle
, 101 Ill. 2d at 10, 461 N.E.2d at 386.  Instead, the plaintiff bears the burden of proof to show that the Act’s exclusive remedy provision does 
not
 apply.  
Fregeau v. Gillespie
, 96 Ill. 2d 479, 483, 451 N.E.2d 870, 871-72 (1983).  Therefore, section 5 of the Workers’ Compensation Act presents a statutory bar to a negligence claim between coemployees unless the exception applies.  Ultimately, and usually, whether the injury arose out of the employment and occurred in the course of employment is a question for the trier of fact.  See 
Kancevicius v. Moyes
, 132 Ill. App. 2d 86, 90, 269 N.E.2d 328, 331 (1971).  

Achieving the purpose of the Contribution Act requires a determination of fault on the merits for all actors who have not been released by a good faith settlement.  BMW was not released by Bromberek’s settlement.  Under the scheme established by the Workers’ Compensation Act and the cases interpreting its operation, the employer of the plaintiff is substituted (on a theory of vicarious liability) for any other of his employees whose negligence would have rendered them subject to liability to their co-worker but for the Workers’ Compensation Act’s insulation of them from suit.  In the context of this case, it is BMW’s obligation to litigate the fault of Bromberek.  Because of the trial court’s order granting summary judgment that has not been done.  The order must, therefore, be reversed.

CONCLUSION

For each of the foregoing reasons, the judgment of the circuit court of Grundy County granting summary judgment in favor of Equistar and against BMW is reversed, and the cause is remanded for further proceedings consistent with this opinion.

HOLDRIDGE, P.J. and LYTTON, J., concur. 

FOOTNOTES
1: On January 24, 2003, a jury returned a verdict for plaintiffs in the amount of $1,250,000.  The apportionment of fault was 19% for Wood’s contributory fault, 51% for Equistar, and 30% for Bromberek.  It is that 30%, or $375,000 which lies at the heart of this appeal.

2: BMW’s actual liability would, of course, be limited to an offset of the amount it paid on Wood’s workers’ compensation claim and the loss of its lien.