JEFFREY COX, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Berger Excavating Contractors, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—09—2500WC

Opinion filed December 20, 2010.—Rehearing denied January 19, 2011.

Baum, Ruffolo & Marzal, Ltd., of Chicago (Efi James, of counsel), for appellant.

Wiedner & McAuliffe, Ltd., of Chicago (Jason T. Stellmach, of counsel), for appellee.

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice McCullough and Justices Hudson, Holdridge and Stewart concurred in the judgment and opinion.

## OPINION

The claimant, Jeffrey Cox, appeals from an order of the circuit court of Cook County which confirmed a decision of the Illinois Workers' Compensation Commission (Commission) denying him benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)), for injuries he allegedly received while in the employ of Berger Excavating Contractors (Berger) on July 27, 2006. For the reasons that follow, we reverse the judgment of the circuit court, vacate the Commission's decision, and remand this matter to the Commission for further proceedings.

The following factual recitation is taken from the evidence presented at the arbitration hearing.

Berger is an excavating and sewer contractor, and at all times relevant to this case, the claimant was employed by Berger as a foreman of a six-man crew that was assigned to work at jobsites away from Berger's premises. A truck belonging to Berger was assigned to the claimant in which he carried tools, equipment, and supplies for use at various jobsites. Berger's company name is printed on both sides of the truck, and Berger pays for the truck's licensing fees, insurance, and fuel. The claimant has possession of the vehicle 24 hours per day and drives it to and from work. According to Berger's owner, Dale Berger, the truck was to be used for company business and other permitted uses, including to perform personal side jobs with permission.

According to Mr. Berger, employees are expected to carry money to pay for incidental expenses which they incur for the company, and they are reimbursed out of Berger's petty cash fund. Berger does not advance cash to its foremen for the payment of incidental expenses.

On July 27, 2006, the claimant arrived to open Berger's office at 5 a.m. After turning in his daily reports, fueling his truck from Berger's diesel fuel tank, and obtaining supplies for the day's work, he drove to a jobsite. At approximately 1 p.m., he left work, with Mr. Berger's permission, to see his physician. The claimant testified that he left the jobsite driving the Berger truck and traveled northbound on Route 12 on his way home to pick up his personal vehicle.

On his way home, the claimant made a stop at the Fifth Third Bank on the corner of Route 12 and Hartigan Road. The claimant turned off of Route 12 onto Hartigan Road and entered the bank's parking lot from Hartigan Road. He estimated the distance at several hundred feet. The claimant admitted that, if he had not gone to the bank, he would not have turned off of Route 12 onto Hartigan Road.

The claimant exited his work truck, went into the bank, and made a withdrawal. Although he was unable to remember the exact amount of money which he withdrew, the claimant testified that his main purpose in going to the bank was to get money to buy a cooler to place in his work truck for the storage of cold drinks for his crew. He also stated that he withdrew money to pay the carpenters who were performing work in the kitchen of his residence. According to the claimant, he owed the carpenters $4,300. Records from the Fifth Third Bank established that the claimant withdrew $4,200 on July 27, 2006.

After making the withdrawal, the claimant got back into his work truck and drove out of the bank's parking lot onto eastbound Hartigan Road. As he was in the process of making a left turn onto Route 12, a southbound vehicle on Route 12 traveling at approximately 65 miles per hour disobeyed the red light at Hartigan Road and struck the truck that the claimant was driving. The claimant sustained injuries to his face, left shoulder, left ribs, chest, left buttock, both knees, and his left foot. He was taken to a hospital by ambulance.

Dennis Brady, a construction superintendent employed by Berger, testified that he went to the scene of the claimant's accident. According to Brady, the truck that the claimant had been driving was in the intersection of Hartigan Road and Route 12, approximately in the center of Route 12's southbound lanes.

Later that evening, Brady went to the hospital to see the claimant. Brady testified that he had a conversation with the claimant, who told him that he stopped at the bank to withdraw money to pay the men working on his house.

As a result of the injuries which he sustained on July 27, 2006, the claimant was off of work for a period of 47¹/₇ weeks, and he incurred $78,395.50 in related medical expenses of which Blue Cross/Blue Shield paid $45,445.75 and the balance is outstanding.

Following a hearing, an arbitrator found that the claimant did not sustain injuries arising out of and in the course of his employment with Berger, but rather was injured while engaged in a personal deviation. The arbitrator found that the claimant's testimony relating to his intention to withdraw money from the bank to purchase a cooler for work lacked credibility. In addition, the arbitrator specifically found that, although the accident in which the claimant was involved occurred as he was in the process of returning to his regular route home, he had not yet returned to the northbound lanes of Route 12. As a consequence, the arbitrator concluded that the claimant was still engaged in a personal deviation that removed him from the course of his employment at the time of his injury, and he declined to award the claimant any benefits pursuant to the Act.

The claimant filed a petition for review of the arbitrator's decision before the Illinois Workers' Compensation Commission (Commission). In a unanimous decision, the Commission affirmed and adopted the arbitrator's decision.

Thereafter, the claimant filed a petition for judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

The claimant argues that the facts of this case support the proposition that, at the time of his accident, he was a traveling employee operating a motor vehicle in a foreseeable manner. As a consequence, he argues, his injuries were incurred both out of and in the course of his employment with Berger, and the Commission's contrary holding is against the manifest weight of the evidence and should be reversed. In support of the Commission's decision, Berger argues that the Commission's finding that, by going to the bank, the claimant was engaged in a personal deviation which removed him from the course of his employment at the time of the accident is supported by the manifest weight of the evidence, and, as a consequence, the claimant was properly denied benefits under the Act.

An employee's injury is compensable under the Workers' Compensation Act only if it arises out of and in the course of the employment. 820 ILCS 305/2 (West 2006). Both elements must be present at the time of the claimant's injury in order to justify compensation. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603 (1989). Arising out of the employment refers to the origin or cause of the claimant's injury. As the supreme court held in *Caterpil-*

*lar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 58, 541 N.E.2d 665 (1989):

> "For an injury to 'arise out of' the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury. [Citations.] Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. [Citation.] A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties. [Citations.]"

In addition, an injury arises out of the employment if the claimant was exposed to a risk of harm beyond that to which the general public is exposed. *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 548, 578 N.E.2d 921 (1991). "In the course of the employment" refers to the time, place, and circumstances under which the claimant is injured. *Scheffler Greenhouses, Inc. v. Industrial Comm'n*, 66 Ill. 2d 361, 366, 362 N.E.2d 325 (1977). Injuries sustained at a place where the claimant might reasonably have been while performing his duties, and while a claimant is at work, or within a reasonable time before and after work, are generally deemed to have been received in the course of the employment. *Caterpillar Tractor Co.*, 129 Ill. 2d at 57; *Wise v. Industrial Comm'n*, 54 Ill. 2d 138, 142, 295 N.E.2d 459 (1973).

A "traveling employee" is one who is required to travel away from his employer's premises in order to perform his job. *Jensen v. Industrial Comm'n*, 305 Ill. App. 3d 274, 278, 711 N.E.2d 1129 (1999). Contrary to the Commission's finding, the facts of this case establish, without question, that the claimant was a traveling employee.

The determination of whether an injury to a traveling employee arose out of and in the course of employment is governed by different rules than are applicable to other employees. *Hoffman v. Industrial Comm'n*, 109 Ill. 2d 194, 199, 486 N.E.2d 889 (1985). As a general rule, a traveling employee is held to be in the course of his employment from the time that he leaves home until he returns. *Urban v. Industrial Comm'n*, 34 Ill. 2d 159, 162-63, 214 N.E.2d 737 (1966). However, a finding that a claimant is a traveling employee does not relieve him from the burden of proving that his injury arose out of and in the course of employment. *Hoffman*, 109 Ill. 2d at 199. The test for determining whether an injury to a traveling employee arose out of and in the course of his employment is the reasonableness of the conduct in which he was engaged and whether the conduct might

normally be anticipated or foreseen by the employer. *Howell Tractor & Equipment Co. v. Industrial Comm'n*, 78 Ill. 2d 567, 573-74, 403 N.E.2d 215 (1980). Under such an analysis, a traveling employee may be compensated for an injury as long as the injury was sustained while he was engaged in an activity which was both reasonable and foreseeable. *Wright v. Industrial Comm'n*, 62 Ill. 2d 65, 71, 338 N.E.2d 379 (1975).

The real question for resolution in this case is whether, at the time of his injury, the claimant was in the course of his employment with Berger. The Commission found that he was not. We disagree.

The question of whether an employee's injury arose in the course of his employment is a question of fact to be resolved by the Commission, and the Commission's determination will not be disturbed on review unless it is against the manifest weight of the evidence. *Aaron v. Industrial Comm'n*, 59 Ill. 2d 267, 269, 319 N.E.2d 820 (1974). For a finding of fact to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. *Caterpillar, Inc. v. Industrial Comm'n*, 228 Ill. App. 3d 288, 291, 591 N.E.2d 894 (1992). Although we are reluctant to set aside the Commission's decision on a factual question, we will not hesitate to do so when the clearly evident, plain, and indisputable weight of the evidence compels an opposite conclusion. *Montgomery Elevator Co. v. Industrial Comm'n*, 244 Ill. App. 3d 563, 567, 613 N.E.2d 822 (1993).

Generally, injuries incurred by an employee while traveling to or from the workplace are not considered to arise out of and in the course of the employment. *Commonwealth Edison Co. v. Industrial Comm'n*, 86 Ill. 2d 534, 537, 428 N.E.2d 165 (1981). However, an exception to this general rule exists when, as in this case, the employer for its own benefit provides the employee with means of transportation to and from work. *Beattie v. Industrial Comm'n*, 276 Ill. App. 3d 446, 450, 657 N.E.2d 1196 (1995). "In such situations, the transportation is considered to expand the 'in the course of' element while apparently providing a risk incidental to the exigencies of employment that satisfy the 'arising out of' element." *Becker v. Industrial Comm'n*, 308 Ill. App. 3d 278, 282, 719 N.E.2d 792 (1999).

The Commission, by adopting the arbitrator's decision, found that the claimant lacked credibility when he testified that the purpose of his trip to the bank was to withdraw money to purchase a cooler to be used at work. It found that the reason that the claimant went to the bank was to withdraw funds for "personal" reasons, namely, to pay the carpenters working on his house. It is the Commission's role to judge the credibility of the witnesses and to draw appropriate inferences from their testimony, and the Commission's resolution of such

issues will not be disturbed on appeal unless they are against the manifest weight of the evidence. *Parro v. Industrial Comm'n*, 167 Ill. 2d 385, 396, 657 N.E.2d 882 (1995).

The evidence of record established that the claimant owed the carpenters working on his home $4,300, that he withdrew $4,200 from the bank immediately before his injury, and that he told Brady that he went to the bank to withdraw money to pay the men working on his house. We believe this evidence is more than sufficient to support the inference that the claimant went to the bank for personal reasons and not to withdraw money for any purpose connected to his work. However, we do not believe that the fact that the claimant deviated several hundred feet from his route home for personal reasons necessarily resolves the question of whether his injuries arose out of and in the course of his employment.

The claimant's deviation from the least circuitous route to his home in order to go to the bank for personal reasons appears to be insubstantial. See *Robinson v. Industrial Comm'n*, 96 Ill. 2d 87, 92-93, 449 N.E.2d 106 (1983). Although the claimant made this slight deviation from his route home in order to go to the bank, at the time of his accident, he had already made his withdrawal and was again on his way home. We believe, therefore, that he had reentered the course of his employment at the time of his injury. We reject the Commission's finding that he had not returned to the course of his employment because he had not actually returned to his usual route home when he was involved in the vehicular collision. The proper question is whether the facts establish that he was on his way home when he was injured.

For these reasons, we hold that the Commission's finding that the claimant did not sustain injuries arising out of and in the course of his employment is against the manifest weight of the evidence. We, therefore, reverse the judgment of the circuit court, vacate the decision of the Commission, and remand this matter to the Commission for further proceedings consistent with this decision.

Circuit court reversed, Commission decision vacated, and the cause is remanded to the Commission.