# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Mlynarczyk v. Illinois Workers' Compensation Comm'n*, 2013 IL App (3d) 120411WC

---

| | |
|---|---|
| Appellate Court Caption | STANISLAWA MLYNARCZYK, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION, *et al.*, (Sophie Obrochta d/b/a Janitorial By Sophie, Appellee). |
| District & No. | Third District<br>Docket No. 3-12-0411WC |
| Filed | May 30, 2013 |
| Rehearing denied | August 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court reversed the Workers' Compensation Commission's decision that claimant did not suffer a compensable injury when she fell and broke her wrist while walking to a van provided to her and her husband by their employer to travel to cleaning assignments, notwithstanding the fact that they had parked the van at their residence during a break, since claimant was a "traveling employee," her walk to the van initiated her journey to a work assignment, and claimant sufficiently established that her fall occurred on a "public sidewalk" where she was exposed to the "hazards of the street." |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-MR-766; the Hon. Barbara Petrungaro, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on          Frank I. Gaughan, of Steven B. Salk & Associates, Ltd., of Chicago, for
Appeal              appellant.

                    Michael S. Powalisz, of Roddy, Leahy, Guill & Zima, Ltd., of Chicago,
                    for appellee.


Panel               JUSTICE HUDSON delivered the judgment of the court, with opinion.
                    Presiding Justice Holdridge and Justices Hoffman, Harris, and Stewart
                    concurred in the judgment and opinion.

**OPINION**

¶ 1     Claimant, Stanislawa Mlynarczyk, appeals from the judgment of the circuit court of Will County confirming a decision of the Illinois Workers' Compensation Commission (Commission). The Commission determined that claimant failed to prove that she sustained an accident arising out of and in the course of her employment with respondent, Sophie Obrochta, d/b/a Janitorial by Sophie. On appeal, claimant argues that she was a "traveling employee" and therefore was entitled to benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)). We agree. Therefore, we reverse the judgment of the trial court, reverse the decision of the Commission, and remand this cause for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3     The following factual recitation is taken from the evidence presented at the arbitration hearing held over the course of several dates beginning on September 29, 2009. Respondent operates a cleaning service run by Walter Obrochta and his wife, Sophie. Claimant testified through a Polish interpreter that she became employed by respondent in September 2007. Claimant's duties involved cleaning churches, homes, and offices. Claimant testified that she was paid by the job. Claimant's husband, Edward Mlynarczyk, also worked for respondent. As part of his employment, Edward occasionally drove respondent's employees to and from jobsites. Edward used a minivan provided by Walter and Sophie to transport the employees. Neither respondent's name, logo, nor telephone number appears on the minivan.

¶ 4     At the time claimant and Edward were hired by respondent, they did not own an automobile. Accordingly, Edward also used the minivan to drive himself and claimant to work, to visit family, to shop, and to do other personal errands. Edward testified that he paid for the gasoline when he used the minivan for personal trips. At all other times, however, the Obrochtas paid or reimbursed him for fuel. The Obrochtas also paid the other costs

-2-

associated with the minivan, including insurance and licensing fees.

¶ 5    On December 5, 2007, claimant, then 60 years old, left her home at 6:30 a.m. and was driven by Edward in the minivan to clean a church in Downers Grove, Illinois. After cleaning the church, Edward drove claimant in the minivan to clean two homes. Claimant and Edward finished cleaning the second home at about 2:30 p.m. Walter testified that claimant and Edward usually had a full day of jobs from 6 a.m. to 4 p.m. On December 5, 2007, however, there were some cancellations due to the holiday season. Walter informed claimant and Edward that there were no other assignments for them, but that if they were interested in assisting the evening crew on another job, they should return to the church at around 4:30 p.m. Claimant and Edward agreed to return that evening. In the meantime, Edward and claimant traveled home in the minivan to eat lunch.

¶ 6    Typically, claimant and Edward took a 15-minute break for lunch. On the date in question, however, Edward and claimant remained home for about 90 minutes. Claimant was not paid for the time between the morning and evening jobs. Shortly after 4 p.m., Edward returned to the minivan to warm it up. The minivan was parked in the driveway of the house where claimant and Edward resided. At approximately 4:10 p.m., claimant left the house to return to work. Claimant testified that the ground was covered with snow, although she was not sure whether there was any ice beneath the snow. As claimant walked around the rear of the minivan, she slipped and fell. Claimant testified that the accident occurred adjacent to the driveway on a "public sidewalk" leading from the house to the driveway. Edward testified that although he did not see claimant fall, he found her lying behind the van, which was parked in the driveway. Claimant testified that she immediately felt "tremendous pain" in her left hand. She was unable to get up, so she called Edward for assistance. According to claimant, at the time of the fall, she had a purse on her shoulder but was not holding anything in her hands. En route to the hospital, Edward informed Walter of the accident. Claimant was diagnosed with a left wrist fracture, which required surgery to repair.

¶ 7    Claimant testified that because of lifting restrictions, she was unable to return to work for respondent, but found a position performing light housekeeping and cooking for an elderly woman. That job started on December 18, 2008. In September 2009, the woman fell and became unable to walk. Claimant had to quit that job because she could not lift the woman. Claimant testified that she sometimes has pain in her left wrist and feels pain when she attempts to lift anything heavy. She also notices that she does not have the same strength in the left hand as she did before the accident.

¶ 8    Walter testified that because claimant and Edward were "new in this country," he and Sophie tried "to help them to stand on their feet." Walter testified that he lent the minivan to claimant and Edward because he was not using it. Walter testified that claimant and Edward could use the minivan for "anything," including work, shopping, and family visits. Walter stated that Edward returned the minivan in February 2008, after he purchased his own car. According to Walter, the minivan was not titled in the name of the business but rather in his name and the name of his wife. Walter also testified that he and Sophie, not the company, paid to insure the vehicle.

¶ 9    The arbitrator concluded that claimant sustained a compensable accident. The arbitrator

acknowledged the general rule that injuries incurred while traveling to or from the workplace are not considered to arise out of and in the course of one's employment. Nevertheless, the arbitrator found claimant's accident compensable on the grounds that claimant was a traveling employee and respondent provided claimant a means of transportation to and from work for its own benefit. The arbitrator also concluded that claimant's current condition of ill-being is causally related to her employment. The arbitrator awarded claimant reasonable and necessary medical expenses (see 820 ILCS 305/8(a) (West 2006)), 54 weeks of temporary total disability benefits (see 820 ILCS 305/8(b) (West 2006)), and 133¼ weeks of permanent partial disability benefits, representing a 65% loss of use of the left hand (see 820 ILCS 305/8(e)(9) (West 2006)). In addition, the arbitrator assessed attorney fees and penalties against respondent pursuant to sections 16, 19(k), and 19(*l*) of the Act. See 820 ILCS 305/16, 19(k), (*l*) (West 2006).

¶ 10    Respondent sought review of the arbitrator's decision before the Commission, challenging the arbitrator's finding of a compensable accident and his imposition of attorney fees and penalties. The Commission reversed the decision of the arbitrator. The Commission found that claimant failed to prove that the injuries she sustained as a result of her fall on December 5, 2007, arose out of and in the course of her employment. The Commission explained as follows:

"[Claimant] testified that she fell on her personal driveway while walking to a vehicle to go to work. [Claimant] testified she did not know if there was ice under the snow on the sidewalk and driveway. The public sidewalk and private driveway were in the same condition as it related to the ice and snow. [Claimant] was not carrying anything when she fell; she had her purse on her shoulder. The Commission finds that the [claimant] failed to prove that she was exposed to a risk that was connected or incidental to her employment and therefore fails to prove that the injuries she sustained as a result of her fall on December 5, 2007 arose out of her employment.

Further, [claimant] fails to prove that the injuries she sustained due to the fall on her driveway were sustained in the course of her employment. [Claimant] had not yet left her personal property when the injury occurred. She had not been exposed to the hazards of the street or automobile as she had yet to get in a car or leave her own driveway. [Claimant] usually had a set schedule of cleaning jobs that she did daily that would cover the hours of 6:30 am to 4:00 pm and she did not normally take a lunch break of more than 15-30 minutes. She was never directed by her employer to take a lunch break. [Claimant] was not paid by the day or hour, but by the cleaning jobs she completed. On December 5, 2007 [claimant's] normal routine was disrupted by cancellations of one or more of her usual cleaning jobs. [Claimant] and her husband were given the option by their employer to assist another cleaning crew on a job that evening if they wanted to make up the lost money from the cancellation. [Claimant] and her husband agreed to the additional cleaning job. It was during the time off from the period between her last scheduled job and before she started the extra evening cleaning job that [claimant] fell on her own driveway. [Claimant] was not on the employer's premises or at a job location where she would have been performing her work duties when she fell. While the Commission does not find [claimant] to be a traveling employee, it notes that [claimant]

-4-

had not yet left her property or even entered a vehicle when she was injured, was not paid for her time between jobs or mileage for travel and was not exposed to any of the risks of a traveling employee. Even if the Commission found [claimant] to be a traveling employee, it would not circumvent the requirement that the injury arise out of and in the course of her employment. If the Commission were to find accident in this case, then ANY movement by [claimant] at any time during the day or night would lead to a compensable claim." (Emphasis in original.)

The circuit court of Will County confirmed the decision of the Commission. This timely appeal followed.

¶ 11                                                    II. ANALYSIS

¶ 12        On appeal, claimant argues that the Commission erred as a matter of law in finding that she was not a traveling employee. Claimant further contends that the Commission erred in finding that she failed to prove that she sustained an accidental injury arising out of and in the course of her employment with respondent.

¶ 13        An employee's injury is compensable under the Act only if it "aris[es] out of" and "in the course of" her employment. 820 ILCS 305/2 (West 2006). Both elements must be present for the claimant's injuries to be compensable. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483 (1989). "In the course of" refers to the time, place, and circumstances under which the accident occurred. *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 57 (1989). An injury "arises out of" one's employment if there is a causal connection between the employment and the accidental injury, *i.e.*, the injury has its origin in some risk connected with, or incidental to, the employment or the injury is caused by some risk to which the employee is exposed to a greater degree than the general public by virtue of his employment. *Caterpillar Tractor Co.*, 129 Ill. 2d at 58; *Becker v. Industrial Comm'n*, 308 Ill. App. 3d 278, 281 (1999).

¶ 14        Generally, injuries incurred while traveling to and from the workplace are not considered to arise out of and in the course of one's employment. *Becker*, 308 Ill. App. 3d at 282. The determination whether an injury to a traveling employee arose out of and in the course of employment, however, is governed by different rules than are applicable to other employees. *Venture-Newberg Perini Stone & Webster v. Illinois Workers' Compensation Comm'n*, 2012 IL App (4th) 110847WC, ¶ 12. Thus, for instance, a traveling employee is deemed to be in the course of his employment from the time the employee leaves home until he or she returns. *Cox v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 541, 545 (2010). Accordingly, we initially address whether claimant is a traveling employee.

¶ 15        The parties disagree as to our standard of review on the traveling-employee issue. Claimant argues that our review should be *de novo*, while respondent contends that we should apply the manifest-weight-of-the-evidence standard. We apply the manifest-weight-of-the-evidence standard when reviewing the Commission's factual findings. *Lenny Szarek, Inc. v. Illinois Workers' Compensation Comm'n*, 396 Ill. App. 3d 597, 603 (2009). We also employ the manifest-weight-of-the-evidence standard where the facts are undisputed, but more than one reasonable inference may be drawn therefrom. *Federal Marine Terminals, Inc.*

*v. Illinois Workers' Compensation Comm'n*, 371 Ill. App. 3d 1117, 1127 (2007). In contrast, we review *de novo* the Commission's decisions on questions of law. *Otto Baum Co. v. Illinois Workers' Compensation Comm'n*, 2011 IL App (4th) 100959WC, ¶ 13. We also apply the *de novo* standard of review when the facts essential to our analysis are undisputed and susceptible to but a single inference and our review therefore involves only an application of the law to those undisputed facts. *Johnson v. Illinois Workers' Compensation Comm'n*, 2011 IL App (2d) 100418WC, ¶ 17. With respect to the narrow issue of whether claimant is a traveling employee, we agree with claimant that the *de novo* standard of review applies. Here, claimant does not dispute the accuracy of the Commission's factual findings. Rather, she insists that the Commission's legal conclusion that she is not a traveling employee is erroneous. As such, there are no disputes as to the facts of the case or the factual inferences to be drawn therefrom, and all that remains for us is to determine if the facts satisfy this legal standard.

¶ 16    A traveling employee is one who is required to travel away from her employer's premises to perform her job. *Cox*, 406 Ill. App. 3d at 545. It is not necessary for an individual to be a traveling salesman or a company representative who covers a large geographic area to be considered a traveling employee. *Hoffman v. Industrial Comm'n*, 128 Ill. App. 3d 290, 293 (1984), *aff'd*, 109 Ill. 2d 194 (1985). In the present case, claimant did not work at a fixed jobsite. Rather, her duties required her to travel to various locations throughout the Chicagoland area. As such, we find that she qualifies as a traveling employee.[1]

¶ 17    A finding that a claimant is a traveling employee, however, does not relieve the employee of the burden of proving that her injury arose out of and in the course of her employment. *Venture-Newberg Perini Stone & Webster*, 2012 IL App (4th) 110847WC, ¶ 14. The test whether a traveling employee's injury arose out of and in the course of employment is the reasonableness of the conduct in which she was engaged at the time of the injury and whether that conduct might have been anticipated or foreseen by the employer. *Venture-Newberg Perini Stone & Webster*, 2012 IL App (4th) 110847WC, ¶ 14. The question is one of fact for the Commission, and its determination will not be overturned on appeal unless it is against the manifest weight of the evidence. *Venture-Newberg Perini Stone & Webster*, 2012 IL App

---

[1]Respondent concedes that claimant does not have a central job location and that claimant's work for respondent requires her to travel to various sites. Respondent contends, however, that claimant's travel "is analogous to that of a construction worker" and that "[c]onstruction workers routinely travel to and from work sites and injuries that occur in that travel are not compensable because construction workers are not traveling employees." Respondent cites no authority for this proposition and we therefore do not address it. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (requiring appellant's brief to include argument "which shall contain the contentions of the appellant and the reasons therefor, *with citation of the authorities* and the pages of the record relied on" (emphasis added)); *Vallis Wyngroff Business Forms, Inc. v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 91, 94 (2010) (holding that failure to comply with provision of Illinois Supreme Court Rule 341(h)(7) requiring citation to authority results in forfeiture of argument on appeal); *Ameritech Services, Inc. v. Illinois Workers' Compensation Comm'n*, 389 Ill. App. 3d 191, 208 (2009) (same).

(4th) 110847WC, ¶ 14. A decision is against the manifest weight of the evidence only if an opposite conclusion is clearly apparent. *Will County Forest Preserve District v. Illinois Workers' Compensation Comm'n*, 2012 IL App (3d) 110077WC, ¶ 5. Although we are reluctant to conclude that a factual determination of the Commission is against the manifest weight of the evidence, we will not hesitate to do so when the clearly evident, plain, and undisputable weight of the evidence compels an opposite conclusion. *Dye v. Illinois Workers' Compensation Comm'n*, 2012 IL App (3d) 110907WC, ¶ 10.

¶ 18    In this case, the Commission determined that even if it had found claimant to be a traveling employee, it would still deny compensation. We conclude that this finding is against the manifest weight of the evidence.

¶ 19    The evidence establishes that claimant's injury occurred after she left home, while walking to a vehicle used to transport her to work. Thus, because claimant is a traveling employee, the injury occurred in the course of her employment. See *Cox*, 406 Ill. App. 3d at 545 (noting that a traveling employee is deemed to be in the course of his or her employment from the time the employee leaves home until he or she returns). In addition, we find that the injury arose out of claimant's employment. As noted earlier, a traveling employee is one for whom travel is an essential element of his employment. *Cox*, 406 Ill. App. 3d at 545. As such, traveling employees "are compelled to expose themselves to the hazards of the street and to the hazards of automobile[s] *** much more than the general public." *Illinois Publishing & Printing Co. v. Industrial Comm'n*, 299 Ill. 189, 197 (1921). Since claimant is a traveling employee, her exposure to the hazards of the streets is, by definition, greater quantitatively than that of the general public, as long as her conduct at the time of the injury was reasonable and foreseeable to the employer. *Venture-Newberg Perini Stone & Webster*, 2012 IL App (4th) 110847WC, ¶ 14; *Potenzo v. Illinois Workers' Compensation Comm'n*, 378 Ill. App. 3d 113, 119 (2007). Claimant testified that the accident occurred as she was walking to the vehicle used to transport her to a work assignment for respondent. Claimant's walk to the minivan constituted the initial part of her journey to her work assignment. As such, it was reasonable and foreseeable.

¶ 20    During oral argument, respondent asserted that even if claimant is a traveling employee, her injury is not compensable because she had not left her private property when the injury occurred and therefore had not yet been subjected to the hazards of the street or an automobile. We find, however, that the evidence does not support the premise that claimant's fall occurred on private property. Edward testified that he did not observe claimant fall. Claimant testified that the accident occurred adjacent to the driveway on a "public sidewalk" leading from the house to the driveway. Respondent presented no evidence to the contrary, and we find claimant's testimony sufficient to establish that the accident, which occurred on a "public sidewalk," exposed claimant to the hazards of the street. Moreover, we note that respondent cites no authority in support of its claim that a traveling employee who has left the physical confines of his or her home on the way to a job assignment and sustains an accident on private property cannot be subject to the hazards of the street. See *Illinois Institute of Technology Research Institute v. Industrial Comm'n*, 314 Ill. App. 3d 149, 163 (2000) (noting that the street-risk doctrine has been extended to cover inside structures if it is a place where the source of the risk could be expected to exist (citing *C.A. Dunham Co.*

*v. Industrial Comm'n*, 16 Ill. 2d 102 (1959) (business traveler's death in an explosion and crash of a commercial plane))).

¶ 21 In so holding, we find misplaced the Commission's concern that such a holding would render compensable "ANY movement by [claimant] at any time during the day or night." (Emphasis in original.) The Commission does not explain why it believes this would be the case, and we note that an employee seeking benefits under the Act would still be required to establish that his injury arose out of and in the course of his employment as well as the reasonableness of the conduct in which the employee was engaged at the time of the injury and whether that conduct might have been anticipated or foreseen by the employer. *Venture-Newberg Perini Stone & Webster*, 2012 IL App (4th) 110847WC, ¶ 14; see also *Caterpillar Tractor Co.*, 129 Ill. 2d at 61-62 ("While the broad language of [the cited] cases might appear to imply that *any* accidental injury sustained on the employer's premises is compensable, that is not the law in this State. An examination of the cases indicates this court's continued adherence to the maxim that an injury is not compensable unless it is causally connected to the employment." (Emphasis in original.)).

¶ 22                                          III. CONCLUSION

¶ 23 For the reasons set forth above, we reverse the judgment of the circuit court of Will County, which confirmed the decision of the Commission. We reverse the decision of the Commission and remand the matter to the Commission to reinstate the arbitrator's awards of medical expenses, TTD benefits, and PPD benefits. In addition, the Commission is instructed on remand to address the propriety of the arbitrator's imposition of attorney fees and penalties pursuant to sections 16, 19(k), and 19(*l*) of the Act (820 ILCS 305/16, 19(k), (*l*) (West 2006)).

¶ 24 Reversed and remanded with directions.