**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (5th) 190042WC-U

Order filed November 19, 2019

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | | |
|---|---|---|
| MONICA HARRIS-WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of the 20th Judicial Circuit, |
| Appellant, | ) | St. Clair County, Illinois |
| | ) | |
| | ) | |
| v. | ) | Appeal No. 5-19-0042WC |
| | ) | Circuit No. 18-MR-186 |
| | ) | |
| ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.* | ) | |
| | ) | |
| (Bi-State Development Agency of the | ) | Honorable |
| Illinois-Missouri Metropolitan District, | ) | Julie Katz, |
| Appellee). | ) | Judge, Presiding. |

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hoffman, Hudson, Barberis, and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Commission's decision that the claimant was not a traveling employee at the time of her injuries and thus her injuries did not arise out of and in the course of her employment was not contrary to law or against the manifest weight of the evidence.

¶ 2    The claimant, Monica Harris-Williams, filed a claim for compensation under the Illinois

- 1 -

Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2010)), for injuries to her left shoulder, neck, and body as a whole resulting from an automobile collision on February 9, 2016. The employer, Bi-State Development Agency, disputed the issues of accident, causation, and liability for medical expenses and prospective medical care. The matter proceeded to hearing in Herrin, Illinois, on August 3, 2017, before Arbitrator Melinda Rowe-Sullivan. On September 5, 2017, the arbitrator issued a decision denying benefits to the claimant, finding that the claimant failed to prove that she sustained an accident that arose out of and in the course of her employment. The claimant sought review by the Illinois Workers' Compensation Commission (Commission), which affirmed and adopted the arbitration award. The claimant then filed a timely appeal to the circuit court of St. Clair County, which confirmed the decision of the Commission. The claimant filed a timely appeal to this court.

¶ 3                                    ISSUES

¶ 4      The claimant raises the following issues on appeal: (1) whether the Commission erred as a matter of law in failing to acknowledge that the claimant was a traveling employee; and (2) whether the Commission erred in finding that the claimant failed to prove that the accident occurring on February 9, 2016, arose out of and in the course of her employment.

¶ 5                                  BACKGROUND

¶ 6      The claimant testified that, on February 9, 2016, she was a bus driver for Bi-State, and had been for several years. She testified that she worked a split shift, meaning that she worked a morning shift from 5:30 a.m. until 11:30 a.m. or 12:00 p.m., and then began an afternoon shift at 1:30 p.m. which ended at 5:00 p.m. She testified that, between her first and second shifts, she had a break of 1.5 to 2 hours. She testified that she received an hourly wage rather than a salary, but

she was not paid for the time between her two shifts. She further testified that she did not consider herself to be "on duty" during the time between shifts.

¶ 7    The claimant testified that, upon arriving to work on the morning of February 9, 2016, she parked her personal vehicle at the Bi-State employee-only parking lot at its East St. Louis, Illinois bus garage. She testified that from there she took an employer provided shuttle bus to the MetroLink station in Washington Park, Illinois. She testified that she then took a MetroLink train to pick up her bus at the Metro Link station at 5th Street and Missouri Avenue in East St. Louis (5th Street station). She testified that she did not experience any problems driving her bus during her morning shift on the date of the accident. She further testified that her first shift ended at the Belleville MetroLink station between 11:30 a.m. and 12:00 p.m. as per usual. She testified that she was scheduled to begin her second shift back at the 5th Street station at 1:30 p.m. She testified that from the Belleville station, she took a MetroLink train to the Washington Park station, and then rode the MetroLink shuttle to the Illinois garage to pick up the vehicle of her co-worker, Pandora Holdman. She testified that her intention was to drive her co-worker's vehicle to the 5th Street station, where she would deliver it to Ms. Holdman whose shift would be ending as her afternoon shift began.

¶ 8    The claimant testified that, on the day of the accident, she decided to stop for lunch at the Bounce Back Burger on State Street before going to the 5th Street station to start her second shift. She testified that, as she was turning right into the Bounce Back Burger parking lot, the car she was driving was struck from behind by another vehicle. On cross-examination, she testified that the accident did not occur on the employer's premises. She further acknowledged that the employer provided a lunchroom on its premises for employees and that she herself had eaten lunch in the lunchroom several times before. She also acknowledged that she was not instructed

by the employer to stop and get lunch on her way to the 5th Street station on the date of the accident.

¶ 9    The claimant testified that the accident occurred while she was driving the exact same course she would take had she decided not to stop for lunch at Bounce Back Burger. Specifically, her testimony was that she was traveling in an easterly direction from the station where she picked up the Holdman car to the 5th Street station. She testified that she believed the accident would have occurred regardless of whether she stopped for lunch or kept on going to the 5th Street station. In support of her claim, she testified that the hand-drawn diagram included in her accident report accurately represented the positioning of the vehicles during the accident. She testified that the accident occurred when she slowed down to make a right-hand turn into the restaurant parking lot, but before she actually executed the turn. Thus, the claimant argues, since she was still in the traffic heading toward in the direction of the 5th Street station, she would have been struck from behind even if she had not intended to stop at the Bounce Back Burger for lunch.

¶ 10    The arbitrator concluded, however, that the claimant's testimony in this regard is inconsistent with the other testimony offered and her own photographic and documentary exhibits. The arbitrator noted that the diagram attached to the accident report appeared to indicate that the claimant's vehicle was not traveling toward the 5th Street station, but was more likely traveling in the opposite direction. The arbitrator further noted that the photographs taken at the accident scene indicated that the claimant's vehicle was traveling in a direction away from, rather than towards, the 5th Street station. The arbitrator did not credit the claimant's testimony that the force of the collision "shoved" her car in the opposite direction for her path of travel. Based upon the totality of the record, the arbitrator concluded that the claimant was not traveling

toward the 5th Street station, but was in fact traveling away from the 5th Street station when the accident occurred. The arbitrator concluded, therefore, that the claimant was not on the same route she would have otherwise traveled on her way to the 5th Street station when she attempted to stop at the Bounce Back Burger for lunch.

¶ 11     The arbitrator held that the claimant failed to establish that her injuries arose out of and in the course of her employment, finding that the evidence established that she was not performing any acts at the instruction of employer, nor did she have a common law or statutory duty to perform the act of going to lunch. The arbitrator further determined that the claimant's act of deviating from her course of employment to go to lunch was not reasonably expected as incidental to her assigned duties, because going to a restaurant for lunch was not incidental to her job duties. In reaching this finding, the arbitrator noted that the claimant admitted that she had the option of taking lunch in the employer's lunchroom, which she admitted she had done in the past. Based on these factual findings, the arbitrator held that the claimant's injuries did not arise out of her employment.

¶ 12     The arbitrator also held that the claimant's injuries did not occur in the course of her employment. The arbitrator noted that, generally speaking, an employee's deviation for personal reasons from an expected route related to employment takes the employee out of the course of his or her employment. *Johnson v. Illinois Workers' Compensation Comm'n*, 2011 IL App (2d) 100418WC, ¶ 24.

¶ 13     The arbitrator determined that the claimant was injured in an accident on her way to lunch, off the employer's premises, which was a purely personal deviation from the course of her employment. Additionally, the arbitrator determined that the employer did not exercise any control over the claimant at the time of her injury as the injury occurred prior to the

claimant resuming a course of conduct related to the business of her employer. Thus, the arbitrator held that the claimant's injuries did not arise in the course of her employment. Specifically, the arbitrator noted that: 1) the record established that the claimant was in the midst of a deviation from the course of her employment, as she had admitted in her testimony that she was on her way to get lunch and was not traveling to her next shift at the time of the accident; 2) the claimant was on a personal break at the time of the accident and had deviated from the expected course of her employment in order to get lunch at Bounce Back Burger; 3) at the time of the accident, the claimant was traveling away from the 5th Street station where she was scheduled to start her next shift; and 4) the totality of the evidence established that the claimant was in the midst of making a right turn into the restaurant parking lot, which was not on the same route she otherwise would have taken to get from the bus garage to the 5th Street station. The arbitrator concluded, therefore, that the claimant had failed to prove that she sustained an accidental injury on February 9, 2016, that arose out of and in the course of her employment. The Commission affirmed and adopted the decision of the arbitrator. The claimant sought review in the circuit court of St. Clair County, which confirmed the decision of the Commission. The claimant then filed this appeal.

¶ 14                                    ANALYSIS

¶ 15                        I. Traveling Employee Status

¶ 16     The claimant first maintains that the Commission erred, as a matter of law, in finding that she was not a traveling employee entitled to compensation for any injuries incurred while engaged in "traveling" for the benefit of the employer. Noting that a "traveling employee" is one whose work requires the employee to travel away from the employer's office (*Hoffman v. Industrial Comm'n*, 128 Ill. App. 3d 290, 294-95 (1984)), the claimant maintains that a bus

- 6 -

driver is "the very epitome of a traveling employee." Traveling employees are deemed to be in the course of their employment from the time he or she leaves home until he or she returns. *Mlynarczyk v. Illinois Workers' Compensation Comm'n*, 2013 IL App (3d) 120411WC, ¶ 14. She further maintains that the Commission's decision to not consider her to be a traveling employee was erroneous as a matter of law and is subject to *de novo* review. See *Pryor v. Illinois Workers' Compensation Comm'n*, 2015 IL App (2d) 130874WC, ¶ 21. In response, the employer maintains that, even for employees whose work requires travel away from the employer's location, the travel must be for work, *i.e.*, "a work-related trip" that is "more than a regular commute" to or from the employer's location. *Id.* ¶ 22. Here, the employer asserts that the claimant was involved in a commute at the time of the automobile accident that gave rise to her injuries.

¶ 17    The general rule is "that an injury incurred by an employee in going to or coming from the place of employment does not arise out of or in the course of the employment and, hence, is not compensable." (Internal quotation marks omitted.) *Venture-Newberg-Perini, Stone & Webster v. Illinois Workers' Compensation Comm'n*, 2013 IL 115728, ¶16. An exception applies for traveling employees, whose injuries are compensable if the employee was injured while engaging in conduct that was reasonable and foreseeable, *i.e.*, conduct that " 'might normally be anticipated or foreseen by the employer.' " *Pryor*, 2015 IL App (2d) 130874WC, ¶ 20. Whether a claimant is a traveling employee, and whether the employee's conduct is reasonable and foreseeable, are questions of fact. Where the facts and inferences are disputed, the Commission's findings on these questions will not be overturned on appeal unless they are against the manifest weight of the evidence. *Kertis v. Illinois Workers' Compensation Comm'n*, 2013 IL App (2d) 120252WC, ¶ 17. Moreover, whether a claimant's travels were "work-related" or part of a

commute, are likewise questions of fact for the Commission to determine subject to the manifest weight of the evidence standard of review. *Pryor*, 2015 IL App (2d) 130874WC, ¶ 22.

¶ 18      Here, the Commission adopted the arbitrator's finding that the claimant was injured while in the act of going to lunch, a "purely personal deviation from the course of her employment" that was not reasonably foreseeable by the employer. While the Commission did not expressly address the question of whether the claimant was a "traveling employee," its finding that the claimant was engaged in an unforeseeable personal deviation from her employment related activities would preclude an award under the traveling employee doctrine. The task for this court would be to determine whether the Commission's finding that the claimant was engaged in an unforeseeable deviation from her employment at the time of the accident was against the manifest weight of the evidence.

¶ 19      In finding that the claimant's trip to procure lunch at the Bounce Back Burger restaurant was an unforeseeable personal deviation for any employment related travel, the Commission noted that going out to lunch was not incidental to her employment where the employer provided a lunch room and employee admitted to using in the past. In addition, the Commission adopted the arbitrator's finding that, contrary to the claimant's testimony, she was not traveling in the direction of the employer's facility when the accident occurred. This finding would tend to support a finding that the claimant was not engaged in travel that was reasonably foreseeable to the employer. Additionally, the Commission determined that the claimant was not engaged in any acts authorized by the employer for its benefit, which would permit compensation for injuries incurred outside the normal hours of employment. See *Torbeck v. Industrial Comm'n*, 49 Ill. 2d 515 (1971) (employee directed to travel to get lunch to bring back to work compensated for injuries).

¶ 20    The arbitrator also discussed in great detail the evidence supporting the finding that the claimant was not traveling in the direction of the 5th Street station when the collision occurred. The Commission affirmed and adopted these findings in holding that the claimant was not where she was reasonably expected to be when the accident occurred. The claimant disputes the finding that she was traveling away from the station at the time of the accident. However, questions regarding the credibility of witnesses, including the claimant, are factual determination within the province of the Commission and will not be overturned on appeal unless they are against the manifest weight of the evidence. *Archer Daniels Midland Co. v. Industrial Comm'n*, 138 Ill. 2d 107, 118-19 (1990). Here it cannot be said that the Commission's determination that the claimant's activities, even if she were a traveling employee, were unforeseeable and outside the expected scope of her employment was against the manifest weight of the evidence. Thus, the Commission did not commit reversible error in not finding the claimant eligible for compensation as a traveling employee.

¶ 21    Although the Commission did not expressly address the issue of whether the claimant was commuting at the time of the accident, the employer argues that the Commission's decision is likewise supported under the general rule that injuries sustained while commuting to or from the employer's place of business are not compensable. The employer further maintains that, under the precedent established in *Pryor*, even a traveling employee will not be compensated for injuries incurred while commuting to the employer's location. *Pryor*, 2015 IL App (2d) 130874WC, ¶ 22. The employer points out that it was undisputed that the claimant was off the clock while traveling to the 5th Street station to begin her afternoon shift and that she was not following any route required by the employer. The employer further points out that, while the claimant was not traveling from home to the employer's location, her trip to the station to begin

her afternoon shift was more in the nature of a commute than work-related travel. *Lynch Special Services v. Industrial Comm'n*, 76 Ill. 2d 81, 87 (1979) (injuries during an unpaid lunch break, away from an employer's premises, are generally not compensable because such trips are more in the nature of a commute). While the Commission did not specifically find that the claimant was engaged in a commute at the time of the accident, the factual determinations of the Commission would support such an analysis.

¶ 22    The claimant next argues that her injuries were compensable under the personal comfort doctrine, which provides that employee injured while attending to health and comfort, even though those acts are personal to the claimant, are nonetheless incidental to employment. *Illinois Consolidated Telephone Co. v. Industrial Comm'n*, 314 Ill. App. 3d 347, 350 (2000). However, a review of the case law on the personal comfort doctrine shows that injuries incurred away from the employer's premises and while not engaged in employment related activities are not compensable under the personal comfort doctrine. See *Eagle Discount Supermarket v. Industrial Comm'n*, 82 Ill. 2d 331, 338 (1980). In the instant matter, the Commission determined that the claimant was not on the employer's premises and was not engaged in work-related activities at the time of the accident. Given these findings, it cannot be said that the claimant's injuries were compensable under the personal comfort doctrine.

¶ 23                                CONCLUSION

¶ 24    The judgment of the circuit court of St. Clair County, which confirmed the decision of the Commission, is affirmed.

¶ 25    Affirmed.